## BURK *vs.* BURK.

A conveyance of one's interest in certain land, "said interest containing eighty-three and one third acres, more or less," with a general warranty of title against the claims of all persons, includes in itself covenants of a right to sell, of quiet enjoyment, and of freedom from incumbrances.

Title. Warranty. Covenant. Contracts. Before Judge McCutchen. Whitfield Superior Court. October Adjourned Term, 1878.

To the report contained in the decision it is only necessary to add that H. H. Burk sued William Burk on a covenant of warranty against the claims of all persons, contained in a deed. The breach alleged was that the land had been received by defendant under his father's will, and was subject to the payment of certain legacies to other children, that plaintiff had been compelled to pay out $600.00 to prevent a sale to satisfy such legacies, that defendant and another had brought ejectment against him for the land,

and that defendant could not sell to him free from incumbrances. On the issue formed under this declaration, the court charged as set out in the decision, and defendant excepted.

SHUMATE & WILLIAMSON ; D. A. WALKER, for plaintiff in error.

W. K. MOORE, by brief, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover damages for an alleged breach of covenant contained in the following deed executed by the defendant :

"GEORGIA, WHITFIELD COUNTY.

"This indenture made 14th day of October, 1863, between William Burk of the county and state aforesaid, of the one part, and Hugh H. Burk of the same place, of the other part, witnesseth that the said William Burk, for and in consideration of the sum of four hundred dollars to him in hand paid, the receipt whereof is hereby acknowledged, hath granted, bargained, sold and conveyed unto the said Hugh H. Burk, heirs and assigns, the interest of said William Burk in and to lots of land, Nos. 295, 296 and 297, in the 11th district and third section in said county, said interest containing eighty-three and one-third acres, more or less, to have and to hold said interest unto him the said Hugh H. Burk, his heirs and assigns forever in fee simple. And the said William Burk, for himself, his heirs, executors and administrators, the said bargained premises unto the said Hugh H. Burk, his heirs and assigns, will warrant and forever defend the right and title against the claims of all other persons whatever. In testimony whereof said William Burk hath hereunto set his hand and affixed his seal, the day and year above written."

The court charged the jury amongst other things, as follows : " A general warranty of title against the claims of all persons includes in itself covenants of a right to sell, and of quiet enjoyment, and of freedom from incumbrances ; that this claim of warranty has a definite and fixed legal meaning, including in itself the true covenant named in the section of the Code I have read, one of which is

that the property sold was free from incumbrances, and this warranty is to be construed as though it had said in express terms that there was at the time of the sale no incumbrances on the property sold. In other words, this warranty amounts to a covenant that there were no incumbrances on the interest of William Burk in said lands, which was sold and conveyed by said deed, whatever that interest was. · And if there were at the time of the making of the deed any incumbrances thereon, and if the evidence shows that the plaintiff has sustained damages thereby, by being forced to pay off such incumbrances, this would constitute a breach of the warranty.

"In the face of this covenant the defendant's counsel claim that he simply warranted the title to the interest sold, subject to such incumbrances as might exist thereon, for this would change the plain meaning of the words used in the clause of warranty by interpolating an exception contrary to and inconsistent with that meaning."

The foregoing charge was given without qualification, notwithstanding that defendant's counsel had insisted in argument that all that was sold and conveyed in the deed was William Burk's residuary interest in said lands under the will of his father, and that the deed shows a contract to convey not any specified amount of interest either divided or undivided, but simply such interest as defendant derived under the will as residuary legatee.

The defendant excepted to this charge of the court, and alleges the same as error. The jury, under the charge of the court, found a verdict in favor of the plaintiff for the sum of $145.25. There was no error in the charge of the court, as to the legal effect of the warranty contained in the deed set forth in the record. Code, §2793.

Let the judgment of the court below be affirmed.