## WHITE & CORBITT *v.* STEWART & COMPANY.

1. In an action on a general warranty of title to land against the claims of all persons, an eviction or equivalent disturbance by an outstanding paramount title must be alleged.
2. If a deed purport to convey the right, title, and interest of the grantor in and to certain described realty, instead of conveying the realty itself, the covenants in the deed will be limited to the right or interest which the grantor has in the property.
3. Covenants of title do not apply to land not included in the conveyance.

Submitted April 9,—Decided October 14, 1908.

Action for breach of warranty. Before Judge Parker. Coffee superior court. October 9, 1907.

*Lankford & Dickerson,* for plaintiffs in error.

*Charles T. Roan* and *F. Willis Dart,* contra.

FISH, C. J. Stewart & Company brought an action against White & Corbitt on an alleged breach of warranty of title to land.

A demurrer to the petition was overruled, and the defendants excepted. The allegations of the petition, taken in connection with the copy of the deed annexed thereto as an exhibit, material to the consideration of the points raised by the demurrer, were: Defendants, in October, 1905, in consideration of a given sum, sold and assigned their interest in certain turpentine leases, and sold and conveyed the timber suitable for turpentine purposes on other described lands, to plaintiffs, who entered into possession of all of such property, "under said deed and conveyance, and spent large sums of money thereon." Defendants did not have good and sufficient title to any of the property when they executed the conveyance, or when the suit was instituted, but the real and genuine title to a given portion of the property was outstanding in a named third person, and that to the balance of the property in another designated person; and defendants knew this when they sold and conveyed to plaintiffs. The deed contained a general warranty of title against the claims of all persons. It was alleged "that the title warranted to [plaintiffs] by defendants as aforesaid has utterly failed, to their injury and damage in the sum of $2,750.00, for which this suit is brought to recover."

1. One point made by the demurrer was to the effect that the petition did not allege that plaintiffs had been evicted or that their possession had been in any way disturbed. This point was well taken. The Civil Code, §3614, provides: "A general warranty of title against the claims of all persons includes in itself covenants of a right to sell, and of quiet enjoyment and of freedom from incumbrances." The language of §3617 is: "In suits for breach of warranty the burden is on the plaintiffs, except in cases where outstanding incumbrances have been paid off, or possession has been yielded in consequence of legal proceedings of which the warrantor had notice and an opportunity to defend." These sections of the code clearly indicate that the distinction between the covenants of right to convey and of warranty, usually recognized in most jurisdictions, no longer exists in this State in so far as to what is necessary to constitute a breach of such covenants. Under the code the general warranty of title against the claims of all persons practically stands for the covenant of warranty at common law, and includes in itself what was there known as the covenant of good right to convey. This court has frequently held, that "In

an action for the breach of a covenant of warranty of title the burden is upon the plaintiff to show eviction under a paramount outstanding title." *McMullen* v. *Butler,* 117 *Ga.* 845 (45 S. E. 258), and cases cited. A case not there cited is *Clements* v. *Collins,* 59 *Ga.* 124, wherein it was said: "In a suit upon warranty of title to land, unless it can be ascertained from the evidence that title paramount has been asserted against the warrantee, or some person claiming under him, and that he has yielded to it, or is in a situation requiring him to yield presently, as matter of legal duty, no breach is established." If an eviction, or its equivalent, must be proved in such an action, then of course it must be alleged, for a recovery can only be had secundum allegata et probata. In the case under consideration there was not only the mere failure to allege an eviction or an equivalent disturbance of the plaintiffs' possession, but it appears that plaintiffs entered into possession under the conveyance made to them by the defendants, and, in the absence of any averment to the contrary, the presumption is that plaintiffs have since remained in possession, and therefore were in possession when this action was begun. *Mallard* v. *Allred,* 106 *Ga.* 503 (32 S. E. 588). Non constat but that they have worked the timber for turpentine purposes from the date of their entry. Manifestly it would be wrong to allow plaintiffs to thus get the benefits of turpentining the timber, of keeping the possession of the same, and of recovering the purchase-price paid for it. Generally damages for the breach of a covenant must be measured by the actual loss to the covenantee. In this case it does not appear from the petition that plaintiffs have suffered any loss whatever. The rule seems to be everywhere recognized that to constitute a breach of the covenant of warranty, or for quiet enjoyment, an eviction or equivalent disturbance by title paramount must occur, and that the mere existence of an outstanding paramount title will not constitute a breach. 11 Cyc. 1125; 8 Am. & Eng. Enc. L. (2d ed.) 98, 99, 101. It is consequently held that in actions for the breach of these covenants such an eviction, or something tantamount thereto, must be alleged. 11 Cyc. 1144; 5 Enc. P. & P. 371.

2. Another ground of the demurrer, which should have been sustained, was, that the general warranty of title against the claims of all persons did not cover the title to the lease of timber for turpentine purposes on lots of land numbers 165, 248, and 249,

as described in the deed. From the exhibited copy deed, it appears that the first portion of the instrument was devoted to the conveyance to the plaintiffs by the defendants of certain described personalty sold by them to the plaintiffs; then follows this language: "Also, for the above-stated consideration, the parties of the first part do hereby grant, bargain, sell, assign, transfer, and set over unto the said parties of the second part, their heirs and assigns, all of the right, title, leasehold interest, and property right of the parties of the first part, in and to the following described leases, to wit: together with the privileges described therein, together with any benefit to be derived therefrom." Then follows a descriptive list of a number of leases from named third persons to the defendants, conveying the right to work the timber for turpentine purposes on given lots of land in Coffee county, Georgia, among them lots 248 and 249, as to which the petition alleged there had been a breach of the warranty of title. After the enumeration of the leases comes this: "Also, for the above-stated consideration, the said parties of the first part have granted, bargained, and conveyed unto the said parties of the second part, their heirs and assigns, and by these presents do grant, bargain, lease, and convey unto the said parties of the second part, their heirs and assigns, all of the timber suitable for turpentine purposes located on the following described tracts of land, to wit:" which is followed by a description of various lots, among them numbers 167 and 211, as to which the petition alleged there had also been a breach of the warranty of title. The habendum clause is as follows: "To have and to hold the above-described property herein conveyed, leasehold interest and property rights, together with all and singular the rights, members, and appurtenances thereto in any wise appertaining and belonging, to the only proper use, benefit, and behoof of the said parties of the second part, their heirs and assigns." Then comes the following warranty: "And the said parties of the first part, their heirs, executors, administrators, and assigns will forever warrant and defend the title to the above-described property, and property rights, unto the said parties of the second part, their heirs, executors, administrators, and assigns, against the claims of any and all persons whomsoever claiming or to claim the same."

The operative words used in the instrument as to the leases of the timber on lots 248 and 249 clearly indicate that the intention

of the parties was that only the right, title, and interest which the defendants had in and to such leases were sold and assigned to the plaintiffs. This being true, the general warranty of title will be applied to the personalty and to the timber on other lots than those referred to in the leases, which personalty and timber were themselves conveyed to the plaintiffs, and not merely the defendants' interest therein. The rule, as stated in 8 American & English Encyclopædia of Law (2d ed.) 71, seems to be generally accepted, that, "If a deed purport to convey merely the right, title, and interest of the grantor in and to the land described, instead of conveying the land itself, the covenants in the deed will be limited to the right or interest which the grantor then has in the premises, and will not be broken, even though the grantee be ousted by a paramount title." To the same effect are, 11 Cyc. 1059; Rawle on Covenants (5th ed.), § 298; 3 Washburn on Real Property (6th ed.), § 2400; Tiedeman on Real Property (3d ed.), § 420. In *McDonough* v. *Martin,* 88 *Ga.* 675, 679 (16 S. E. 59, 18 L. R. A. 343), the rule is thus stated: "If the conveyance is only of the grantor's right, title, and interest in the land, the scope of it is not enlarged by a general covenant, but such covenant must be limited to fit the subject conveyed." Citing many cases. Another case directly in point is Hull *v.* Hull, 35 W. Va. 155 (13 S. E. 49, 29 Am. St. R. 800, 808), wherein it is held: "Where a deed conveys the grantor's right, title, and interest, though it contains in general terms a general covenant of warranty, the covenant is regarded as a restricted one, limited to the estate conveyed, and not one defending generally the land described. The covenant of warranty is intended to defend only what is conveyed, and can not enlarge the estate conveyed." Citing numerous cases. We have not overlooked the ruling in *Burk* v. *Burk,* 64 *Ga.* 632, to the effect that where one conveyed his interest in certain described lots of land, "said interest containing eighty-three and one third acres more or less," with a general warranty of title against the claims of all persons, such warranty amounted to a covenant that there were no incumbrances on· the interest of the grantor in such lands when the conveyance was executed. In that case the grantor did not convey merely his interest in the lands, but conveyed "eighty-three and one third acres more or less" of land itself.

3. Lot number 165 was not referred to in any way in the copy of the conveyance attached to the petition, and the rule is elementary that covenants for title can not apply to land not included in the conveyance. 8 Am. & Eng. Enc. L. (2nd ed.) 66 (bb).

In view of the foregoing rulings, it is unnecessary to pass on the special demurrer, raising the point as to whether it should have been specifically set forth wherein and how the alleged outstanding titles in the named' third persons were paramount, or better than the title which defendants had when they conveyed to plaintiffs.   *Judgment reversed. All the Justices concur.*