GREEN, APPELLANT, *v.* BAKER, ADMINISTRATOR, ET AL., RE-
SPONDENTS.

(No. 5,064.)

(Submitted March 6, 1923. Decided March 29, 1923.)

[214 Pac. 88.]

*Real Property—Title—Breach of Warranty—Complaint—In-
sufficiency—Evidence—Soundness of Title—Parol Testimony
of Attorney—Inadmissibility.*

Real Property—Breach of Warranty—Soundness of Title—Opinion Evi-
dence of Attorney—Inadmissibility.
1. In an action on a promissory note in a counterclaim to which
defendant sought to recover damages for breach of warranty of title
to land for the purchase of which the note had been given, testimony
of defendant's witness, an attorney, that after an examination of the
abstract of title and supplemental examination of the county records,
in his opinion the title was not sound, was inadmissible, both on the
ground that it was not the best evidence and that it was hearsay
and a conclusion.

Same—Conveyance—Failure of Records to Show—Evidence—Competency.
2. Testimony of an attorney that upon an investigation of the
county records he had not found any conveyance of an undivided one-
half interest in property which his client had bought under a war-
ranty deed, was competent as tending to show that there was not
any such deed of record.

Same—Title—Covenant of Warranty—Includes What.
3. *Held*, that where a deed to real property purports to convey the
realty itself and not merely the grantor's right, title and interest
in it, the covenant of warranty that "the grantor hereby covenants
that he will forever warrant and defend" the grantee's "right, title
and interest in and to the said premises * * * against all and
every person," *etc.*, is one of general warranty and quiet enjoyment.

Same—Warranty of Title—Restricted to Interest Conveyed.
4. The extent of a covenant of warranty of title to land is limited
and defined by the subject matter of the grant, and if the grant is
restricted to the grantor's right, title and interest in the property,
the warranty is likewise restricted.

Same—Title—Breach of Warranty — Complaint—Allegation of Eviction
Necessary.
5. To entitle one to maintain an action for breach of warranty of
title to real property the plaintiff must allege and prove facts show-
ing eviction, actual or constructive, *i. e.*, that title paramount has
been asserted against him, or some person claiming under him, and
that he has yielded to it or is in a situation requiring him to yield

5. Necessity of eviction to maintenance of action for breach of cove-
nant of warranty of title, see note in 17 L. R. A. (n. s.) 1178.

[66 Mont. 568.]
presently; the mere existence of an outstanding paramount title not constituting a breach, and in the absence of allegation of such facts the pleading is insufficient to state a cause of action.

Same—Breach of Warranty of Title—Pleading—Insufficiency.
6. If, as alleged by the grantee, his grantor never had any title to an undivided half interest to a portion of lots bought by him for the reason that an inchoate right of dower therein was outstanding which had never been waived or relinquished, the dower claimant was his cotenant, and it was incumbent upon him in his action for breach of warranty to allege at least a disturbance of his possession by the cotenant (see par. 5, *supra*), failing to do which rendered his pleading insufficient.

*Appeals from District Court, Fergus County; Rudolph Von Tobel, Judge.*

ACTION by Andrew Green against Edgar J. Baker, as administrator of the estate of Albert Fisher, deceased, and others. Judgment for plaintiff, and from judgment for defendant named on his counterclaim and from an order denying a new trial, plaintiff appeals. Judgment modified and affirmed.

*Messrs. Belden & De Kalb* and *Mr. Merle C. Groene,* for Appellant, submitted a brief; *Mr. H. Leonard De Kalb* argued the cause orally.

The testimony of an attorney as to what the records show with relation to the title to real property or as to its soundness, was nothing more than an opinion of an attorney. He had no information except that obtained from the records and the abstract. Such opinions are of no evidentiary value, and are incompetent. (*Winter* v. *Stock,* 29 Cal. 407, 89 Am. Dec. 57; *Phillips* v. *Collinsville Granite Co.,* 123 Ga. 830, 51 S. E. 666; *Stiles* v. *Steele,* 37 Kan. 552, 15 Pac. 561; *Luce* v. *Parsons,* 192 Mass. 8, 77 N. E. 1032; *Reed* v. *Sefton,* 11 Cal. App. 88, 103 Pac. 1095.)

To state a cause of action on the alleged breach of covenants of general warranty and of quiet and peaceable possession it is necessary to allege eviction. (*Martson* v. *Hobbs,* 2 Mass. 433, 3 Am. Dec. 61; *Day* v. *Chism,* 10 Wheat. 449, 6 L. Ed. 363 [see, also, Rose's U. S. Notes]; *Booth* v. *Starr,* 5 Day (Conn.), 275, 5 Am. Dec. 149; *White* v. *Stewart,* 131 Ga. 460,

462, 62 S. E. 590; *Patton* v. *Kennedy,* 1 A. K. Marsh. (Ky.) 389, 10 Am. Dec. 744; *Wagner* v. *Finnegan,* 54 Minn. 251, 55 N. W. 1129; *Merrill* v. *Suing,* 66 Neb. 404, 92 N. W. 618; *Hampton* v. *Webster,* 56 Neb. 628, 77 N. W. 50; *Greenby* v. *Wilcocks,* 2 Johns. (N. Y.) 1, 3 Am. Dec. 379; *Jennings* v. *Kiernan,*. 35 Or. 349, 55 Pac. 443, 56 Pac. 72.)

*Mr. Ralph J. Anderson* and *Mr. Burton R. Cole,* for Respondent, submitted a brief; *Mr. Anderson* argued the cause orally.

Does the existence of outstanding inchoate right of dower as an encumbrance breach the covenant to give right of action? It is said by the appellant that an encumbrance must be liquidated and discharged before right of action accrues. This is the rule, subject however, to an important exception; that "where the encumbrance is of such character, as a right of dower, or an easement, that it cannot be removed at the option of the grantor or grantee, damages are awarded for the injury that proximately is caused by the encumbrance." (Devlin on Deeds, sec. 920; *Porter* v. *Bradley,* 7 R. I. 538; *Kellogg* v. *Malin,* 50 Mo. 496, 11 Am. Rep. 426; *Giles* v. *Dugro,* 1 Duer (N. Y.), 335; *Hubbard* v. *Norton,* 10 Conn. 422; *Van Wagner* v. *Nostrand,* 19 Iowa, 422; *Butler* v. *Gale,* 27 Vt. 739; *Beach* v. *Miller,* 51 Ill. 206, 2 Am. Rep. 290; *Richmond* v. *Ames,* 164 Mass. 467, 41 N. E. 671; *Newburn* v. *Lucas,* 126 Iowa, 85, 101 N. W. 730; *Ficklin* v. *Rixey,* 89 Va. 832, 37 Am. St. Rep. 891, 17 S. E. 325; *Flood* v. *Graham,* 61 Fla. 207, Ann. Cas. 1921D, 1137, 54 South. 456.)

We maintain that "warrant his right, title and interest in and to the premises" means a complete warranty of good title, operative against either paramount seizin or encumbrances, that is anything which would go in derogation of what is warranted. (*Milot* v. *Reed,* 11 Mont. 568, 29 Pac. 343; *Giddings* v. *Holter,* 19 Mont. 263, 48 Pac. 8.) Taking these two decisions, the force and effect of the law as expounded in this state is that a covenant of the wording of the one in question

in the case at bar is operative both as against encumbrances and for scizin in the grantor, in line with our contention that warranting "rights, title and interest" operates against all conditions in derogation of complete enjoyment of good title.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

As part of an exchange of property plaintiff conveyed to Albert Fisher lots 1 and 2 in block 4 of Janeaux Addition No. 1 to Lewistown. About a month later Fisher desiring to borrow $1,000 obtained the loan of that amount from plaintiff. For convenience the loan was made in the name of the Lewistown State Bank, Fisher giving the bank his promissory note for $1,000, due in one year, securing the same with a mortgage upon the lots. The bank assigned the note and mortgage to plaintiff. Later Fisher died and Edgar J. Baker was appointed administrator of his estate. The note being overdue and unpaid, plaintiff commenced this action to foreclose the mortgage. Defendant Baker answered. After admitting the execution of the note and mortgage by Fisher, he alleged by way of counterclaim that plaintiff had conveyed lots 1 and 2 to Fisher by a warranty deed which contained the following covenant: "And the said parties of the first part, and heirs, do hereby covenant that they will forever warrant and defend his right, title and interest in and to the said premises, and the quiet and peaceable possession thereof, unto the said party of the second part, his heirs and assigns, against the acts and deeds of the said parties of the first part, and all and every person and persons whomsoever lawfully claiming or to claim the same." He alleged a defect in the title of the lots saying the plaintiff never had any title to an undivided one-half interest in a portion of the lots, and that as to the remaining portion an inchoate right of dower is outstanding which has never been waived or relinquished by its owner. He also alleged that the lots were taken in exchange by Fisher at an agreed price of $6,000; that the mortgage given by Fisher was

not a purchase-money mortgage; and that by reason of the premises the estate had been damaged in the sum of $5,000, for which he prayed judgment.

A general demurrer to the answer was overruled. Plaintiff then replied. The court found for plaintiff upon the note, including attorney's fees, an item of insurance paid, and costs, and for defendant, as administrator, in the sum of $6,100 damages (being for the sum of $5,000 and interest) and costs. Plaintiff moved for a new trial, which was denied. Hence this appeal.

When the cause came on for trial, plaintiff objected to the introduction of any evidence in support of the counterclaim upon the ground that "it fails to state facts sufficient to constitute a defense, cross-complaint, or counterclaim." The objection was overruled. The allegations of the complaint being admitted, after introduction of the note and mortgage and an agreement between counsel as to some items of cost, the plaintiff rested and the defendant entered upon his defense.

It was established that the two lots were taken by Fisher at [1] a valuation of $3,000 each. Thereupon Mr. Cole, one of the attorneys for the defendant, testified that he had examined the title to the lots from an abstract which he found among Fisher's effects, and that he had made a supplemental investigation concerning it from the records of Fergus county. He was then asked the question: "And what did you find the condition of the title to be?" To this objection was made by plaintiff's counsel who said, in addition to formal language employed, "that it is a question for the court on the issues in this case," but the court overruled the objection. The witness then testified: "I found that at the time Mr. Green attempted to convey this property to Mr. Fisher one Hattie Sell was the owner of an undivided one-half interest in a portion of the tract described in the mortgage mentioned in the complaint in this case, and that she was also possessed of a dower interest." The plaintiff moved to strike out this testimony, but it was not stricken. The witness then said: "She was also possessed of

a dower estate in and to the remainder of the tract, by reason of the fact that she was and is, so far as the records of Fergus county, Montana, show, the wife of one Herman Sell.'' This was objected to as not the best evidence; overruled by the court.

Manifestly these rulings were erroneous and prejudicial. What was apparent from the records could have been proved easily by their production. It is the delightful privilege of the lawyer, following the multitudinous and difficult paths of his profession, to express his opinion about almost everything under the sun, but when he offers himself as a witness he is bound by the same rules which bind other witnesses. It was not permissible for the witness to express his opinion as to the soundness of the title in question. In such case the law is that the opinion of counsel, however able and learned in the law, is not evidence. (*Winter* v. *Stock,* 29 Cal. 407, 89 Am. Dec. 57; *Brackenridge* v. *Claridge,* 91 Tex. 527, 43 L. R. A. 593, 44 S. W. 819; *Murray* v. *Ellis,* 112 Pa. 485, 3 Atl. 845; *Evans* v. *Gerry,* 174 Ill. 595, 51 N. E. 615.) The admission of the testimony also violated the conclusion and hearsay rules.

The witness was asked whether he found in the records of [2] Fergus county where Harriet Sell had conveyed her undivided one-half interest in a portion of the property. Over objection he testified that he had not found any such conveyance. Clearly this testimony was competent. It tended to show that there was not any such deed of record.

The witness then testified, over objection, that the administrator, realizing that a sale of the property belonging to the estate would be necessary to pay the indebtedness of the decedent, and though no proceedings had been taken to secure an order of court looking to the sale of the property, made inquiries to find purchasers; and persons were found ''who were disposed to buy such property as this.'' Then this question: ''Was there any reason why they would not buy the property? A. There was. Q. What was it?'' This was objected to as ''incompetent, irrelevant, and immaterial and not

within the issues of this case." The objection being overruled, the witness said: "We submitted the abstract of title to explain the condition of the title to these prospective purchasers or their agents, and when they found the condition of the title they abandoned all idea of buying it in every case. In fact, we never represented that we could give them a good title." The foregoing comprises all the evidence concerning damage to defendant.

Defendant offered in evidence the judgment-roll in the case of *Harriet Sell* v. *Herman Sell* for the purpose of showing that Hattie Sell had some interest in the lots, and to show that there was a marriage between Herman Sell and Hattie Sell which had not been dissolved. The only evidence in the judgment-roll favorable to defendant is this: It was admitted by Herman Sell in his answer that he and the plaintiff Hattie Sell were the joint owners of a tract of land which hereafter we shall call the "fraction." While she alleged her marriage to Herman Sell and that he was possessed of certain lands in which she had a dower interest, he denied that there had ever been any marriage between them, and consequently denied that she had any dower interest in any lands whatsoever. The judgment declares the status of Hattie Sell and Herman Sell to be that of unmarried persons; it asserts "that they are not now, nor have they at any of the times mentioned in plaintiff's complaint been, husband and wife." No supplemental showing on this phase of the case was made. There was a total failure of proof as to the allegation that Hattie Sell was the owner of an inchoate dower interest in any lands.

An abstract of title was introduced in evidence from which it appears lot 2 and all of lot 1 except a triangular tract on its southerly end embracing about one-fifteenth of its area (the fraction) are a portion of a forty-acre tract of ground patented to Janeaux, described as the northeast quarter of the northeast quarter of section 15. The forty immediately adjoining on the south was patented to Paul Morase. Hattie Sell never had any interest in that part of the land which was embraced

within the Janeaux patent, but the fraction is a portion of the Morase land. It appears that Hattie Sell and Herman Sell jointly owned a tract of the Morase land which probably embraces the fraction. The question then arises as to whether Green is liable as upon a breach of his warranty with respect to this fraction.

Respective counsel have discussed the character of the warranty clause in the deed at great length. We have [3] examined the authorities cited by them and a great many others touching upon the question, reaching the inevitable conclusion that, in effect, the covenants employed are those of "general warranty" and "quiet enjoyment." Regardless of what the cases say, however, in view of the provisions of sections 7589 and 7590, Revised Codes of 1921, the conclusion seems clear enough. Section 7589 mentions the covenants of "seisin," "quiet enjoyment," "against encumbrances," "further assurance" and "general warranty." Section 7590 gives the substance of the covenant of warranty as follows: "That the party of the first part will warrant to the party of the second part all the said property against every person lawfully claiming the same." The warranty employed in the deed given by plaintiff to Fisher provided: "The said parties of the first part do hereby covenant that they will forever warrant and defend his right, title and interest in and to the said premises * * * unto the said party of the second part * * * against * * * all and every person and persons whomsoever lawfully claiming or to claim the same." It will be observed that the language of the warranty in the deed is not as comprehensive as that employed in the statute.

We do not know what language was used in the granting clause of the deed. If it was consistent with that of the [4] warranty, then plaintiff conveyed only his right, title and interest in the property. If this be true, the extent of the covenant is limited and defined by the subject matter of the grant. If the grant is thus restricted, the warranty is alike restricted. (Washburn on Real Property, 6th ed., sec. 2400;

*White* v. *Stewart,* 131 Ga. 460, 15 Ann. Cas. 1198, 62 S. E. 590.) If, on the other hand, the deed purports to convey the realty itself, and not merely the right, title, and interest of the vendor therein, a covenant of warranty like the one before us is not limited to the grantor's interest; it applies to the land conveyed. (*McNear* v. *McComber,* 18 Iowa, 12; note to *White* v. *Stewart, supra;* Washburn on Real Property, 6th ed., sec. 2400.) Assuming the latter hypothesis to be the fact in this case, we find the defendant's contention without substantial [5] basis. The covenant of general warranty has been construed in innumerable cases from which rules have been adopted which leave no doubt as to its meaning and purpose. Rawle on Covenants of Title, 216, says: "It will be found to be universally held that a breach of this covenant will be caused only by an eviction, actual or constructive, and, as has been said, 'if a recovery could be supported upon it, without either allegation or proof of an eviction, it would, in effect, be deciding that the covenant of warranty contains within it each of the five covenants for title, which would be a novel idea for conveyancers and professional men.' "

In a suit upon such a warranty as this, unless it is established " 'that title paramount has been asserted against the warrantee, or some person claiming under him, and that he has yielded to it, or is in a situation requiring him to yield presently, as matter of legal duty, no breach is established.' If an eviction, or its equivalent, must be proved in such an action, then of course it must be alleged." (*White* v. *Stewart, supra; Clements* v. *Collins,* 59 Ga. 124; 11 Cyc. 1144; 5 Ency. Pl. & Pr. 371.)

In the instant case the record indicates that both lots were occupied by houses; no inference may be drawn but that defendant's intestate took possession of the premises conveyed and that neither his nor defendant's possession of the same has ever been disturbed. The counterclaim does not allege an eviction nor anything equivalent thereto. "The rule seems to be everywhere recognized that, to constitute a breach of a

covenant of warranty or for quiet enjoyment, an eviction or equivalent disturbance by title paramount must occur; that the mere existence of an outstanding paramount title will not constitute a breach. (11 Cyc. 1125; 8 Am. & Eng. Ency. of Law, 2d ed., 98, 99, 101.'' (*White* v. *Stewart, supra;* 7 R. C. L. 1147.)

We have examined *Giddings* v. *Holter,* 19 Mont. 263, 48 Pac. 8, upon which defendant relies, but are unable to see that it sustains his position. Under the facts of that case there was clearly a constructive eviction. Giddings had never been in possession of the land. He was placed in a position where, if he took possession, his expulsion was inevitable. Constructive eviction may be caused by the inability of the purchaser to obtain possession by reason of an adverse paramount title. (*Brass* v. *Vandecar,* 70 Neb. 35, 96 N. W. 1035.) Here the title was in the United States, and there was no possibility of Giddings' successful assertion of a right to what he had purchased. (7 R. C. L. 1149.)

It is clear from what precedes that inasmuch as defendant Baker did not allege an eviction, constructive or otherwise, his counterclaim did not state facts sufficient to constitute a cause of action and as he did not attempt to prove any facts showing an eviction, he was no better off under his proof.

If Hattie Sell owned an undivided one-half interest in the [6] fraction, she was defendant's cotenant. He had as much right to the possession as she had. She was not in possession; he was. She had never asserted any right to the possession so far as the record discloses. Before defendant may assert a breach of his warranty, he must at least show a disturbance of his possession by his cotenant. (See Freeman on Cotenancy and Partition, sec. 221 *et seq.*)

Furthermore, there was no testimony whatever indicating a total failure of consideration. The court did not have any competent testimony before it upon which to base the judgment which it rendered against the plaintiff for damages. It follows

that findings of fact numbered 14, 17 and 18, together with conclusion of law No. 3, are erroneous.

The cause is remanded to the district court of Fergus county, with directions to modify the decree by striking therefrom that part thereof which gives judgment to the defendant Baker as administrator of the estate of Albert Fisher, deceased, against the plaintiff, Andrew Green. The plaintiff will recover his costs upon this appeal. When so modified, the judgment will stand affirmed.

*Modified and affirmed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.