No. 93-326

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993


RONALD J. STEVENSON and VICKI R.
STEVENSON, husband and wife,

>     Plaintiffs and Respondents,

v.

EDWARD ECKLUND and MARY ECKLUND,
husband and wife; JOHN C. WOOD and
CAROL A. WOOD, husband and wife; and
THE STATE OF MONTANA,

>     Defendants and Appellants.

**FILED**

DEC 22 1993

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Mark P. Sullivan, Judge presiding.


COUNSEL OF RECORD:

>     For Appellants:
>
>         Donald L. Ostrem, Graybill, Ostrem & Crotty, Great
>         Falls, Montana (Woods)
>
>     For Respondents:
>
>         Patrick   F.   Flaherty,   Great   Falls,   Montana
>         (Stevensons)


Submitted on Briefs:   November 23, 1993

Decided:   December 22, 1993

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

The sole issue before this Court is whether the Eighth Judicial District Court, Cascade County, erred in concluding that a breach of the covenant of warranty contained in a warranty deed occurred. Because no party other than the covenantee lawfully asserted ownership over the property conveyed by the deed, we conclude that the covenant of warranty was not breached. We therefore reverse the court's denial of the Woods' motion for summary judgment and grant of summary judgment in favor of the Stevensons on that issue.

This case stems from a boundary dispute involving Lots 7 through 9 and 10 through 12, in Block 1 of the J.L. Largent Addition to the town of Ulm, Montana. The dispute arose from an error in the original plat recorded in 1910. According to the 1910 plat, Block 1, containing twelve lots, was 600 feet long. In fact, its length was 700 feet.

The School District in Ulm acquired Lots 1 through 3 and Lot 4 in 1904 and 1916, respectively. The School District became aware of the discrepancy in the 1910 plat as early as 1954. After purchasing Lots 5 and 6 in 1966, the School District had Lots 1 through 6 restaked to correct the error. The surveyor used a rule of survey known as the doctrine of apportionment to correct the discrepancy in the 1910 plat. Under that doctrine, when a tract contains more or less area than that assigned to it in a recorded plat, the excess or deficiency is distributed among all the lots comprising the tract in proportion to their respective areas.

Because the lots in Block 1 were of equal size, the surveyor increased the width of Lots 1 through 6 from 50 to 58.33 feet.

The record does not indicate when John and Carol Woods (the Woods) acquired Lots 7 through 12. In January of 1975, however, they conveyed their interest in Lots 10 through 12 to Edward and Mary Ecklund (the Ecklunds) by quitclaim deed. The Woods showed the Ecklunds lot lines reflecting a 58.33 foot width. This width was subsequently confirmed when the Ecklunds had Lots 10 through 12 resurveyed. Survey pins were placed on their property accordingly. In October of 1977, the Woods conveyed Lots 7 through 9 to Ronald and Vicki Stevenson (the Stevensons) by warranty deed after showing them lot lines also reflecting a 58.33 foot width. Lots 9 and 10, owned respectively by the Stevensons and the Ecklunds by 1977, shared a common boundary.

In 1985, Edward Ecklund began to exert acts of ownership over part of Lot 8 and all of Lot 9. He mowed the lawn, started to build a fence, and demanded that the Stevensons vacate the property. In October of that year, the Stevensons filed a complaint against the Ecklunds seeking to quiet title to Lots 7 through 9.

In their answer, the Ecklunds asserted that the disputed property was actually part of Lots 10 through 12. They also alleged via a counterclaim that the Stevensons had erected a structure on their Lots 10 and 11 and requested the court to order the Stevensons to either purchase the property or remove the structure. Through the course of litigation, they maintained that

3

the doctrine of apportionment was improperly applied to increase the width of each of the lots in Block 1.

The Stevensons filed an amended complaint in August of 1990, adding the Woods as defendants. The Stevensons alleged that the covenant of warranty contained in their deed from the Woods had been breached by the Ecklunds' assertion of ownership.

The Woods and the Stevensons concurred on the issue of the doctrine of apportionment and requested the District Court, in separate motions for summary judgment, to determine that the doctrine had been properly applied to correct the 1910 plat. The court denied the motions, determining that a factual dispute existed concerning the dimensions of the lots. The Stevensons subsequently moved for summary judgment on the covenant of warranty issue, arguing that the covenant had been breached as a matter of law. The court denied the motion, again stating that a factual dispute existed.

The Woods filed another motion for summary judgment in January of 1993, asserting that the Ecklunds could not establish a "lawful claim" to any of the Stevensons' property because the doctrine of apportionment had been properly applied. On that basis, the Woods argued that no breach of the covenant of warranty contained in their deed to the Stevensons occurred.

On March 31, 1993, the District Court granted partial summary judgment in favor of the Woods. The court concluded that the doctrine of apportionment applied to the 100-foot discrepancy in the 1910 plat, reversing its prior refusal to grant summary

4

judgment on that issue. Thus, the boundary dispute between the Stevensons and the Ecklunds was resolved in favor of the Stevensons. As a result, the court dismissed the Ecklunds' counterclaim against the Stevensons.

The court denied the Woods' motion for summary judgment, however, insofar as it related to the breach of the covenant of warranty. The court determined that a breach had occurred, concluding that the Ecklunds' assertion of ownership was "not unlawful." It reversed its previous denial of the Stevensons' motion for summary judgment on that issue, effectively granting summary judgment in their favor. The court ruled that the Stevensons were entitled to damages as a matter of law, and scheduled a hearing to determine the amount of attorney's fees that they incurred in defending their title to the property. Upon stipulation of the parties, however, the court entered a final judgment in accordance with its resolution of the summary judgment motions and awarded $7,000 to the Stevensons. The court stayed the judgment pending appeal.

The Woods appeal only from the court's denial of their motion for summary judgment and simultaneous grant of summary judgment in favor of the Stevensons relating to the breach of the covenant of warranty. We conclude that no breach of the covenant of warranty occurred and, therefore, reverse the District Court on that issue.

Our standard in reviewing summary judgment is the same as that used by the district courts. Emery v. Federated Foods (Mont. 1993), ___ P.2d ___, ___, 50 St.Rep. 1454, 1456. Summary judgment

5

is appropriate when the pleadings, depositions, and other documents on file demonstrate that no genuine issues of fact exist and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. Here, the District Court's summary judgment rulings turned on its legal conclusion that the Ecklunds' assertion of ownership over property in Lot 9 was "not unlawful." Our review of legal conclusions is plenary. Steer, Inc. v. Dept. of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.

The Woods assert that because the doctrine of apportionment was properly applied to correct the 100-foot discrepancy in the 1910 plat, the Ecklunds had no legal basis to support their assertion of ownership over part of Lot 9. Absent a lawful assertion of ownership, the Woods contend that no breach of the covenant of warranty occurred, relying on § 30-11-110, MCA, and Green v. Baker (1923), 66 Mont. 568, 214 P. 88. We agree.

A covenant of warranty indemnifies the covenantee against a loss or injury resulting from a defect in the covenantor's title. Capital Hill Shopping Center v. Miles (1977), 174 Mont. 222, 230, 570 P.2d 295, 298. It must conform, as did the covenant of warranty contained in the Stevensons' deed, with § 30-11-110, MCA. That statute requires a covenant of warranty to provide, in substance, that a covenantee is protected from persons "lawfully claiming" the conveyed property. Section 30-11-110, MCA, reflects the common law requirement that a covenantee prove the assertion of a paramount title that resulted in the covenantee's actual or constructive eviction in order to support a breach of the covenant

6

of warranty.  Green, 214 P. at 91.

Thus, we focus on whether the Stevensons proved an assertion of paramount title by the Ecklunds over the property in Lot 9 that resulted in eviction.  Only in the presence of such proof would the Ecklunds' assertion of ownership be a "lawful claim" resulting in a breach of the covenant of warranty in the Stevensons' deed.

Throughout the litigation, the Stevensons maintained that the Ecklunds had no lawful claim to any of their property.  They argued that the discrepancy in the 1910 plat regarding the size of Block 1 was properly resolved by applying the doctrine of apportionment.  At no time did they allege actual or constructive eviction from the property in dispute.  In accordance with the Stevensons' position, the District Court ruled that the doctrine of apportionment had been properly applied.  No party has asserted error in this ruling.

The Stevensons' position and the District Court's resolution of the boundary dispute in their favor precludes the conclusion that a breach of the covenant of warranty occurred.  Absent proof that the Ecklunds asserted paramount title resulting in the actual or constructive eviction of the Stevensons, the Ecklunds' assertion of ownership over property in Lot 9 does not constitute a "lawful claim" that can serve as a basis for a breach of the covenant of warranty.  In other words, unless the Ecklunds prevailed in their assertion of ownership over property of the Stevensons, no breach of the covenant of warranty could occur.

The Stevensons argue, without citing authority, that the Ecklunds' belief that their assertion of ownership had a legal

7

basis is sufficient to establish a breach. This position is inconsistent with Green, which requires that paramount title be proved and that the covenantee be actually or constructively evicted. Green, 214 P. at 91. A warrantor is not bound to defend against an unlawful claim of title, but only against claims that are, in fact, superior. Chaney v. Haeder (Or.App. 1988), 752 P.2d 854, 856-57; Roper v. Elkhorn at Sun Valley (Idaho 1980), 605 P.2d 968, 972-73; 20 Am.Jur.2d Covenants, Conditions, and Restrictions § 56 (1965).

The Stevensons also assert that they were unable to obtain title insurance or refinance the underlying loan on the property during the pendency of the litigation. On that basis, they argue that the property was "encumbered," resulting in a breach of the covenant of warranty. We disagree.

The mere showing of a cloud on the title is not sufficient to establish a breach. Roper, 605 P.2d at 972; 20 Am.Jur.2d Covenants, Conditions, and Restrictions § 56 (1965). Thus, even if the Ecklunds' assertion of ownership clouded the Stevensons' title in the eyes of the title insurance company or the lending institution, the claim was not paramount to the Stevensons' title as required by Green.

The Stevensons also argue that the covenant of warranty was breached under Wagner v. Cutler (1988), 232 Mont. 332, 757 P.2d 779. They quote at length from Wagner, but neither develop an argument nor apply that case to the facts before us. In Wagner, we addressed the scope of a covenant of warranty contained in a

8

special warranty deed. <u>Wagner</u> is not relevant in determining whether a breach of the covenant of warranty occurred here.

Finally, the Stevensons contend that § 27-1-316(1)(c), MCA, supports the court's award of attorney's fees as a measure for damages resulting from the breach of the covenant of warranty. It is true that § 27-1-316(1)(c), MCA, provides that expenses incurred by the covenantee in defending his possession are part of the detriment caused by a breach of the covenant of warranty. However, the statute does not serve as a basis for an award of attorney's fees where, as here, no breach is established.

Because the Stevensons did not establish that the Ecklunds had asserted a lawful claim of ownership on the disputed property under Montana law, we hold that the District Court erred in concluding that a breach of the covenant of warranty occurred. We reverse the District Court's denial of the Woods' motion for summary judgment, and simultaneous grant of summary judgment in the Stevensons' favor, relating to the covenant of warranty and direct it to modify its judgment consistent with this opinion.

Reversed.

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

_____
Justice

9