FILED

05/16/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0410

DA 16-0410

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 119N

MARY VANBUSKIRK and ROGER BARBER,

      Plaintiffs and Appellees,

    v.

PATRICIA DOW GEHLEN, RAY GEHLEN,
Trustees, GEHLEN PATRICIA DOW TRUST,

      Defendants and Appellants.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DV 14-126
Honorable David Cybulski, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Christopher D. Meyer, CD Meyer Law Firm, Bozeman, Montana

      For Appellees:

          Brian Lilletvedt, Jamie Bedwell, Bosch, Kuhr, Dugdale, Martin & Kaze
PLLP, Havre, Montana

Submitted on Briefs: March 15, 2017

Decided: May 16, 2017

Filed:

_____
                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellants Patricia Dow Gehlen and Raymond Gehlen are the trustees of the Patricia Dow Gehlen Trust, hereinafter, collectively, "Gehlens." Gehlens appeal the grant of summary judgment by the Twelfth Judicial District Court, Hill County, in favor of Mary VanBuskirk and Roger Barber, hereinafter, collectively, "VanBuskirks."

¶3 Much like a phoenix, this case arises out of an old easement dispute, which has been litigated several times. The contested road, referred to as the "Northern Loop Road," crosses a field currently owned by Gehlens. Northern Loop Road is located in Section 2, Township 32 North, Range 16 East, M.P.M., Hill County. The map below shows the location of Northern Loop Road.



¶4     In 1976, Certificate of Survey #440093 (COS #440093) was completed "for the purpose of creating a new tract." COS #440093 created a new 21 acre parcel, which VanBuskirks' predecessors-in-interest[1] purchased. Following the purchase, VanBuskirks' predecessors-in-interest sought to secure their access to the property via Northern Loop Road.

---

[1] VanBuskirks' predecessors-in-interest are Mary VanBuskirk's parents, Warren and Edith VanBuskirk.

¶5 In 1980, VanBuskirks' predecessors-in-interest brought a lawsuit against Gehlens' predecessors-in-interest[2] "to keep the [N]orthern [L]oop [R]oad available based on prescriptive use." At that time, District Judge Leonard Langen determined that VanBuskirks' predecessors-in-interest could not establish a prescriptive easement because "they did not have five years continuous use of the [Northern] [L]oop [R]oad." Then, in 1982, VanBuskirks' predecessors-in-interest brought a second lawsuit, claiming a right of way by necessity over the road. The parties entered into negotiations to settle the matter and, finally, in 1987, the parties reached a settlement memorialized by a February 23, 1987 Stipulation (Stipulation) filed with the District Court and recorded in the Hill County Clerk and Recorder's Office.

¶6 The Stipulation stated:

> [Gehlens' predecessors-in-interest] agree that [VanBuskirks' predecessors-in-interest] have the *right to use* the *path across* that real property more particularly described on Exhibit "C" appended hereto *and by this reference made a part hereof,* at all times which do not interfere with the farming operation on that real property, or whenever necessary.

(Emphasis added.) The incorporated Exhibit C stated:

> A *roadway* in the NE½SE½; Section 2, Township 32 North, Range 16 East, M.P.M., Hill County, Montana, the centerline of which is described as follows:
>
> *Beginning* at a point which lies S0°1'E a distance of 30.0 feet from the Northwest corner of Certificate of Survey #44[0]093; Thence S89°28'W a distance of 71.4 feet; Thence N24°14'W a distance of 236.3 feet; Thence N1°39'W a distance of 283.5 feet; Thence N21°20'E a distance of 223.9 feet; Thence N7°38'W a distance of 3261.4 feet to a point on the South [r]ight-of-way [l]ine of U.S. Highway #2.

---

[2] The Gehlens' predecessors-in-interest are Vivian and Roy Bruner and Dow Brothers, Inc.

4

Length of *easement* is 3,176.5 feet.

(Emphasis added.) Below the legal description on Exhibit C is a map from the United States Department of the Interior Geological Survey. Upon the map is a hand-drawn line roughly indicating the location of the described "path." The Stipulation was signed by the partys' attorneys and included an order signed by Judge Langen dismissing the litigation for good cause on the basis of the Stipulation.

¶7 In the current case, the District Court concluded "the Stipulation created a right of way to cross the field on the path which transverses what is now Defendants' property, but did not create a right to 'build up' a road across the property," which constituted an easement. The District Court permanently restrained and enjoined Gehlens from interfering with VanBuskirks' or their successors' use of the easement, and awarded VanBuskirks' attorney fees and costs in prosecuting the action. Alternatively, the District Court held that VanBuskirks had acquired a prescriptive easement across the road. Gehlens challenge these rulings on appeal.

¶8 "We review de novo a district court's grant or denial of summary judgment, applying the same criteria of M. R. Civ. P. 56 as a district court." *Pilgeram v. GreenPoint Mortg. Funding, Inc.*, 2013 MT 354, ¶ 9, 373 Mont. 1, 313 P.3d 839 (citation omitted). "We review a district court's conclusions of law to determine whether they are correct and its findings of fact to determine whether they are clearly erroneous." *Pilgeram*, ¶ 9 (citation omitted).

5

¶9 "An easement is a nonpossessory interest in land--a right which one person has to use the land of another for a specific purpose or a servitude imposed as a burden upon the land." *Blazer v. Wall*, 2008 MT 145, ¶ 24, 343 Mont. 173, 183 P.3d 84 (citations omitted). Further,

> [a]n easement appurtenant is one that benefits a particular parcel of land, i.e., it serves the owner of that land and passes with the title to that land. The benefited parcel is known as the "dominant" tenement or estate, and the burdened parcel is termed the "servient" tenement or estate.

*Blazer*, ¶ 24 (citations omitted). "An easement appurtenant must have both a dominant tenement and a servient tenement," both of which must be determinable. *Blazer*, ¶ 24 (citations omitted). "A document creating an easement may reference a separate document that adequately describes the easement's contents." *James v. Chicago Title Ins. Co.*, 2014 MT 325, ¶ 12, 377 Mont. 264, 339 P.3d 420 (citations omitted). Further, "[t]he construction of a writing granting an interest in real property . . . is governed by the rules of contract interpretation." *Broadwater Dev., L.L.C. v. Nelson*, 2009 MT 317, ¶ 19, 352 Mont. 401, 219 P.3d 492 (citations omitted). Finally, the rules of contract construction

> state that a contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting . . . and that when a contract is reduced to writing, the intention of the parties is to be *ascertained from the writing alone* if possible.

*Broadwater Dev., L.L.C.*, ¶ 19 (citation omitted; emphasis added).

¶10 In this case, the subject easement was created out of the settlement of a lawsuit between Gehlens' predecessors-in-interest and VanBuskirks' predecessors-in-interest. The Stipulation, essentially a contract, was entered into by the parties and submitted to the

6

District Court. The Stipulation, including attached Exhibit C, evidences an intention by the parties to create an easement appurtenant. The Stipulation indicates Gehlens' predecessors-in-interest were granting VanBuskirks' predecessors-in-interest a "right to use" the "path" across the property described in the exhibit, and used the term "easement" to describe this right. The easement itself is identified by the property description provided in Exhibit C. Further, the servient tenement can also be determined from the property description. Based on the incorporated legal description and associated map, it is clear that the easement runs directly through Gehlens' property. Additionally, the dominant tenement can also be determined based on the property description in Exhibit C. The easements description *begins* at the Northwest corner of COS #440093, which created the subject VanBuskirk parcel, and terminates at United States Highway Number Two. Northern Loop Road is not an open-ended roadway—it serves VanBuskirks' property, the dominant tenement identified by COS #440093.

¶11 We affirm the District Court's conclusion that the 1987 Stipulation, which ended the prior litigation, created an easement. Based on this conclusion, we further affirm the District Court's grant of a permanent injunction restraining and enjoining Gehlens from interfering with VanBuskirks' or their successors' right to use the easement in the manner provided in the Stipulation. Consequently, the District Court's ruling on the prescriptive easement claim was unnecessary and we do not address it further.

¶12 Regarding attorney fees, "a district court's decision as to whether legal authority exists to award attorney fees is a conclusion of law." *Trs. of Ind. Univ. v. Buxbaum*, 2003

7

MT 97, ¶ 15, 315 Mont. 210, 69 P.3d 663 (citation omitted). "We review conclusions of law to determine whether the district court's interpretation of the law is correct." *Buxbaum*, ¶ 15 (citation omitted).

¶13 The District Court held VanBuskirks were entitled to attorney fees under §§ 27-1-316(c) and 27-8-311, MCA. Section 27-1-316(c), MCA, a remnant of the Field Code, defines the "detriment" that is caused by a "breach of a covenant of seisin, of right to convey, of warranty, or of quiet enjoyment in a grant of an estate in real property" to include "any expenses properly incurred by the covenantee in defending possession." This action is based on VanBuskirks' claim to a nonpossessory easement interest, not a defense of possession of an estate in real property. We have previously declined to award attorney fees under § 27-1-316(c), MCA. *See Haggerty v. Gallatin Cty.*, 221 Mont. 109, 121, 717 P.2d 550, 557 (1986); *Stevenson v. Ecklund*, 263 Mont. 61, 67, 865 P.2d 296, 299 (1993). This provision does not authorize an award of attorney fees herein. However, the District Court also cited the Uniform Declaratory Judgment Act in support of the fee award, under which we have approved an award of attorney fees as supplemental relief. *Buxbaum*, ¶ 42. We conclude that the District Court did not err by awarding attorney fees and costs here as supplemental relief.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. The District Court did not err in its conclusions of law.

8

¶15    Affirmed.


                                                    /S/ JIM RICE


We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR