ORR & HUNTER *v.* THE FARMERS' ALLIANCE WAREHOUSE
AND COMMISSION COMPANY.

*Lumpkin, J.*—1. The action being upon a check given by the
defendants to the plaintiff as a partial payment, on account,
for various lots of cotton sold by the latter to the former, and
the defense in part being that the plaintiff had damaged the
defendants by a failure to deliver according to its contract
certain portions of these several lots of cotton, it was error
to charge: "Certain checks have been introduced in evidence
by defendants, showing payments on these cottons.  It is the
duty of defendants to show which special checks were paid on
each lot of cotton.  The defendants must go further and show
which identical check was paid on each identical lot.  If the
defendants have failed to do this, then there should be a ver-
dict for plaintiff."

2. A witness may refresh his memory by examining a book kept
by another, the entries on which were made from *memoranda*
furnished by the witness himself, and who had verified the cor-
rectness of these entries by comparing the same with his orig-
inal *memoranda*.  It was, in effect, the same as if the book had
been kept by the witness himself.

3. There was no error in refusing to allow a witness, who had
"refreshed his memory" by examining a book kept by another
and with the keeping of which he had never had anything to
do, to testify to the contents of the book, he being unable to
recall the figures or entries therein "without depending on the
books."  See *Hematite Mining Co.* v. *East Tenn., Va. & Ga. Ry.
Co.*, 92 *Ga.* 269, 271.

4. Profits which the purchaser of cotton would have made on a
contract for the sale thereof to a third person, if the party who
had sold and contracted to deliver the cotton to such purchaser·
had duly performed his contract, are not recoverable by such
purchaser from that party, unless the latter had notice of, and
contracted with reference to, such resale by his vendee; cer-
tainly not, unless notice thereof was brought home to such
party before he made a breach of his own contract.  *Sanderlin*
v. *Willis*, 94 *Ga.* 171.                    *Judgment reversed.*

July 29, 1895.

Complaint.    Before Judge Cobb.    Clarke superior
court.    April term, 1894.

Suit was brought against Orr & Hunter for $1,606.30,
upon a check dated November 19, 1892, on the National

v 97–16

Bank of Athens, payable to the order of plaintiff, signed by defendant. They pleaded, that they drew and delivered the check to plaintiff in part payment for cotton purchased of plaintiff. On October 17, 1892, they bought of plaintiff fifty bales of middling cotton, for prompt delivery, averaging 450 pounds, at seven and a quarter cents per pound. After having delivered thirty-two bales on said contract, plaintiff refused to deliver the remaining eighteen. On October 27, 1892, plaintiff sold to defendants 200 bales of cotton, on the 28th 100 bales and on the 29th 300 bales, all averaging 450 pounds, at seven and five eighths cents on a basis of middling, and all being for prompt delivery. In pursuance of these contracts of purchase and sale, plaintiff invoiced to defendants 477 bales, but delivered only 445 bales. Defendants paid and plaintiff received, as part of the purchase money of said 650 bales, $25,580.21 or other large sum. Soon after making said sales and purchases the price of cotton advanced considerably. About November 20, 1892, plaintiff refused to deliver the balance of the cotton so sold to defendants, at the prices agreed upon. When defendants purchased the 650 bales, relying on plaintiff's contract in good faith to deliver the same, they sold said cotton for prompt delivery on a basis of the prices agreed upon with plaintiff. Because of plaintiff's refusal to deliver the cotton, defendants were forced to replace the same in open market at the ruling prices, to wit, at an advance and loss to them of two and three quarters cents per pound on said eighteen bales, and two and three eighths cents per pound on said 155 bales. There was due defendants, on the purchase of October 17, 8,100 pounds of cotton, upon which defendants lost as above mentioned $222.75, which they set off against plaintiff's claim; and upon the purchase of the 27th, 28th and 29th of October, 69,750 pounds, upon which defendants lost as above mentioned two and three eighths cents per pound, amounting to $1,646.57. Their

said losses are directly due and chargeable to plaintiff's bad faith and said breach of contract in failing and refusing to deliver said cotton, whereby plaintiff has injured them $1,646.57, which they recoup and set off against plaintiff's claim, and pray judgment for the excess. Further, plaintiff is indebted to them for drayage $114.65, and $30 on a due-bill; which sums they set off. Plaintiff is utterly insolvent.

There was a verdict for plaintiff for $1,491.65 principal, with interest. Defendants' motion for a new trial was overruled, and they excepted. The motion alleges, beside the general grounds, that the court erred:

1. In charging as stated in the first head-note.

2. In refusing to allow Levy, one of defendants' witnesses, to refresh his memory in regard to the number of bales delivered by plaintiff to defendants on the contracts, their quality, etc., by reference to a book of defendants kept for the purpose of indicating these facts, the entries on which were made by Hussey, one of defendants' book-keepers, from *memoranda* furnished by witness, and which book witness had checked from said *memoranda.*

3. In refusing to allow defendants to prove by Levy, after refreshing his recollection by the invoices on the book furnished by plaintiff, the number of bales and their quality delivered by plaintiff on their contracts, unless he could recall the figures as an independent fact without depending on the books.

4. Orr, one of the defendants, offered to testify, that after purchasing said 650 bales of cotton from plaintiff, relying on plaintiff's promise and contract to deliver said cotton in good faith as it agreed to do, defendants sold said cotton to manufacturers in England and on the continent for actual delivery and to be shipped to them after November 20, 1894; that defendants were engaged in buying cotton locally and reselling in the north, and in foreign countries, and had orders and offers for such cotton from said parties before said purchases from plaintiff; that by

reason of the refusal by plaintiff to deliver all of the cotton as it had contracted to do, defendants were forced, in order to comply with their contracts (which were made on the faith of plaintiff carrying. out its contract with them), to go into open market and purchase, at the ruling price then, the balance of said cotton which plaintiff had sold them, and which it refused to deliver after the advance in cotton, to wit, one hundred and forty-five bales at an advance of two and three eighths cents per pound, equaling $1,646.57, and eighteen bales at an advance of two and three quarters cents per pound over the amount at which plaintiffs had sold it to them, equaling $222.75, that is, a total loss to defendants of $1,869.32, which they lost and had to pay out by reason of the failure of the plaintiff to comply with its contract and deliver said cotton as agreed. An objéction that this evidence·was irrelevant was sustained.· .

*Lumpkin & Burnett,* for plaintiffs in error.

*J. D. Mell, T. S. Mell, G. C. Thomas* and *J. J. Strickland,* contra.