## McMULLEN *v.* BUTLER & COMPANY, and *vice versa.*

1. In a suit for breach of warranty of title to land the burden is on the plaintiff to show an outstanding title in another, paramount to that of his warrantor, unless it appears that the plaintiff yielded possession " in consequence of legal proceedings of which the warrantor had notice and an opportunity to defend." The fact that the plaintiff in his petition calls upon the defendant to produce, on the trial of the suit for breach of warranty, a title on which a recovery of the land could be had, and that he fails to do so, will not relieve the plaintiff of the burden of showing an outstanding paramount title in a third person.

2. Where in such a suit the plaintiff fails to show outstanding paramount title in a third person, but relies upon evidence tending to show that the plaintiff had never acquired possession of the land, that the defendant, after notice of this fact, had instituted suit against a third person who was in possession, and, upon advice of his counsel, dismissed this suit and abandoned any further effort to recover the land, thus admitting the inadequacy of his title, it was error to direct a verdict in favor of the plaintiff, when there was evidence for the defendant which would have warranted a finding that the suit against the person in possession was instituted by the plaintiff, that he dismissed it, stating at the time that he would bring another suit to recover the land, and that the defendant had never in fact admitted that his title was inadequate or done anything to show that he would not at the proper time endeavor to enforce his title against the person in possession.

3. It is the sole office of a cross-bill of exceptions to bring up for review rulings made in favor of the plaintiff in error in the main bill of exceptions and against the defendant in error therein.    Where, therefore, on the trial of a suit for breach of warranty of title, brought against two defendants, a judgment of nonsuit is granted as to one and a verdict directed against the other, who excepts to the overruling of his motion for a new trial, the plaintiff can not by cross-bill complain of the judgment of nonsuit in favor of the defendant who is not a party to the main bill of exceptions.    A bill of exceptions sued out for this purpose is a main bill, and defective as such when it neither contains nor specifies the evidence necessary to a decision of the question raised therein, and nothing appears to indicate that there is an approved brief of evidence of file in the office of the clerk of the trial court.

Argued June 10, — Decided June 27, 1903.

Action for breach of warranty.    Before Judge Covington.    City court of Moultrie.    January 3, 1903.

*Spencer R. Atkinson* and *Humphreys & Humphreys*, for McMullen.

*Pearsall & Shipp* and *John H. Smithwick*, contra.

COBB, J.    J. L. Butler & Company brought an action for breach of warranty of title to 400 "acres of sawmill timber," against John and William McMullen.    The court granted a nonsuit as to William McMullen, and directed a verdict against John McMullen.    The latter filed a motion for a new trial, which was overruled, and he excepted.    The plaintiffs, in a bill of exceptions denominated by them a cross-bill, complain of the granting of the nonsuit in favor of the defendant William McMullen.

1, 2.    In an action for the breach of a covenant of warranty of title the burden is upon the plaintiff to show eviction under an outstanding paramount title.    Civil Code, § 3617; *Osburn* v. *Pritchard*, 104 *Ga.* 145; *Lowery* v. *Yawn*, 111 *Ga.* 61; *Leary* v. *Durham*, 4 *Ga.* 607; *Haines* v. *Fort*, 93 *Ga.* 24.    The plaintiff may, how-

ever, relieve himself of this burden by showing that "possession has been yielded in consequence of legal proceedings of which the warrantor had notice and an opportunity to defend." Civil Code, § 3617. In the present case the plaintiffs never acquired possession, but possession was obtained by a third person. The mere fact that the plaintiffs were unable to acquire possession would not amount to an eviction, unless the person in possession had a paramount title. 8 Am. & Eng. Enc. L. (2d ed.) 107. The plaintiffs did not undertake, in their suit against the defendants, to show an outstanding paramount title in the person in possession, but relied, for a recovery against John McMullen, upon evidence tending to show that he had been notified of plaintiffs' inability to obtain possession, that he had employed an attorney to bring suit against the person in possession, and that, upon the advice of his counsel that no recovery could be had on his title, the defendant voluntarily abandoned the suit and had the same dismissed, thereby admitting the inadequacy of his title and abandoning any effort to place the plaintiffs in possession. Even if this be treated as making out a prima facie case, which is not now decided, the defendant John McMullen testified that plaintiffs themselves employed the attorney to bring the suit against the person in possession, and that they dismissed it, paying the costs of the proceeding, and stating at the time that they would institute another suit to recover possession. Under this testimony it was erroneous to direct a verdict. A verdict in favor of the defendant would have been warranted on his testimony. The theory upon which the plaintiffs relied for a recovery was a voluntary renunciation by the defendant of his title; and under the testimony of the defendant the jury would have been authorized to find that there had been no such renunciation. The plaintiffs in their petition called upon the defendants to produce in court, on the trial of this case, titles sufficient to authorize a recovery against the person in possession of the land and timber; and, according to the recitals in the motion for a new trial, the trial judge was influenced to direct a verdict against John McMullen by the failure of the defendants to produce such titles. It was not incumbent upon the defendants to produce a paramount title in the trial of this case. The burden was upon the plaintiffs to show an outstanding title in another, paramount to that of the defendants, and they could not relieve themselves of this burden by calling upon

the defendants to assume the burden of showing that they had the paramount title. We think, therefore, that the court erred in directing a verdict against the defendant John McMullen.

We see no error in the judgment of nonsuit in favor of William McMullen. He was the predecessor in title of John McMullen and his warrantor. There was not the slightest evidence to show any abandonment or renunciation by him of his title. The plaintiffs wholly failed to make out a case against him on any theory.

3. The judgment of nonsuit is not, however, properly before us for decision. It is sought to be brought up for review by what is denominated by the plaintiffs a cross-bill of exceptions. The office of a cross-bill of exceptions is to bring up for determination rulings made in favor of the plaintiff in error in the main bill of exceptions and against the defendant in error therein. The mere fact that the suit is brought against two defendants, one of whom is successful in the court below and the other unsuccessful, does not authorize the plaintiff to complain by cross-bill of the judgment in favor of the successful defendant, when the defendant who was unsuccessful has sued out a main bill of exceptions complaining of the judgment against him. See, in this connection, *Planters Fire Association* v. *DeLoach*, 113 *Ga.* 807; *Ellis* v. *Almand*, 115 *Ga.* 333; *Turnbull* v. *Foster*, 116 *Ga.* 765. The subject-matter of the bill of exceptions filed by the plaintiffs was plainly matter for a main bill. Treating it as a main bill, it is fatally defective, for the reason that it neither contains nor specifies the evidence necessary to a decision of the question raised therein, and it does not appear that the evidence is contained in an approved brief of evidence of file in the clerk's office. This court is not required, under the provisions of the Civil Code, § 5536 (4), to send for record not specified, unless, from something that appears from the bill of exceptions or the argument of counsel in this court there is reasonable ground to believe that the omitted record is in existence and of file in the office of the clerk of the trial court.

*Judgment on one bill of exceptions reversed; the other bill of exceptions dismissed. All the Justices concur.*