## JOYNER *v.* SMITH.

1. In an action on a general warranty of title to land against the claims of all persons, an eviction or equivalent disturbance by an outstanding paramount title must be alleged.
2. Although there must be an eviction, or what is equivalent or tantamount to an eviction, it is not always necessary that there should be an actual dispossession of the warrantee. If the paramount title is so asserted that he must presently yield to it, or go out, the warrantee may purchase from the true owner, and this will be considered a sufficient eviction to constitute a breach.

Argued January 19,—Decided June 23, 1909.

Action for breach of warranty. Before Judge Felton. Houston superior court. April 8, 1908.

The plaintiff's suit for a breach of warranty of title, expressed in a deed to land executed by the defendant; was dismissed on de-. murrer, and he excepted. From the allegations of the petition as amended it appears that by his last will and testament Williamson Mimms devised the land in controversy to his wife for life,. with remainder to his children. After two of the children attained majority they conveyed their interest to the defendant, and the. widow, acting without authority, conveyed the interest of the other two children, who were minors, to the defendant. After having thus acquired deeds, the defendant sold the property for $2,500,. executing a deed which contains the warranty which constitutes. the subject-matter of this suit. After having bought the land from defendant's grantees for $2,500, the property was improved and enhanced to the value of $4,500. The plaintiff then learned, that the interest of the two minors had not been lawfully transferred, and that their right to the property was being asserted by a grantee who had lawfully succeeded to their rights. Suit. against the plaintiff was threatened. He obtained an option from the holder of the outstanding title, informed his warrantor of the. facts, and demanded that the latter should produce a title on which he could defend his possession. His warrantor admitted,

that he could not do so, and that the outstanding title was superior to that which he had warranted, but refused to protect the plaintiff's title. The plaintiff then closed the option and purchased the paramount outstanding title to the one-half interest in the land at the price of $751.50. The amount thus necessarily paid to obtain the title was less than half of the amount of the purchase-price which the defendant had obtained for the property. Counsel had been retained by the holder of such title; and had the plaintiff not bought it, suit would have been brought against him at once upon the expiration of the option, and he would have been ousted by process of law.

*H. A. Mathews,* for plaintiff.

*R. N. Holtzclaw* and *M. G. Bayne,* for defendant.

ATKINSON, J. The controlling question in the case is whether the allegations on the subject of eviction under outstanding paramount title were sufficient to authorize a recovery for breach of the warranty. In *White & Corbitt* v. *Stewart & Co.,* 131 *Ga.* 460 (62 S. E. 590), it was held, that, "In an action on a general warranty of title to land against the claims of all persons, an eviction or equivalent disturbance by an outstanding paramount title must be alleged." There is now practical unanimity among the authorities that ouster under legal proceedings is not necessary to constitute eviction. There are many decisions which hold that yielding possession upon demand of paramount title will serve as a basis for a suit upon a warranty. But even relinquishment of possession is not in all cases necessary. In the quotation just made from a recent decision of this court, it will be seen that it was said that "an eviction or equivalent disturbance by an outstanding paramount title must be alleged." The same idea has been expressed in some of the authorities by saying that there must be an eviction under paramount outstanding title, or facts which are tantamount to an eviction, and among others it has been said that there must be an eviction actual or constructive. In *Clements* v. *Collins,* 59 *Ga.* 124, it was said: "In a suit upon warranty of title to land, unless it can be ascertained from the evidence that title paramount has been asserted against the warrantee, or some person claiming under him, and that he has yielded to it, or is in a situation requiring him to yield presently as matter of legal duty, no breach is established." This recognizes the fact that actual re-

linquishment of possession is not always essential, but that there may be a situation which is tantamount thereto as furnishing a basis for a suit on a breach of the warranty. In McGary v. Hastings, 39 Cal. 360 (2 Am. R. 456), Temple, J., said (p. 367): "The true rule deducible from the recent cases is, that the covenant is broken whenever there has been an involuntary loss of possession by reason of the hostile assertion of an irresistible paramount title. Nor is it necessary that the paramount title should have been established by judgment before the covenantee will be authorized to surrender the possession. It is enough that the true owner asserts his title and demands the possession. If it is his right to have possession, it certainly is the duty of the covenantee to surrender it to him. The covenant is for quiet possession and against a rightful eviction. To constitute a breach of this covenant, it can not be required that the covenantee should maintain a wrongful possession and subject himself to be treated as a trespasser. The object of a suit by the true owner would be to compel the covenantee to do that which he ought to have done without suit. It could not have been contemplated by the parties to the covenant that the covenantee should refuse to do what the law enjoins upon him as a duty. . . Although there must be an eviction, it is not necessary that there should be an actual dispossession of the grantee. If the paramount title is so asserted that he must yield to it, or go out, the covenantee may purchase or lease of the true owner, and this will be considered a sufficient eviction to constitute a breach. He then no longer claims under his former title. So far as that title is concerned, he has been evicted, and is in under the paramount title. (Sugden on Vendors, 745, and note; Loomis v. Bedell, 11 N. H. 74; Hamilton v. Cutts, 4 Mass. 349 [3 Am. D. 222]; Turner v. Goodrich, 26 Vt. 709; Sprague v. Baker, 17 Mass. 586; Rawle on Covenants, 278 et seq., and cases cited; Noonan v. Lee, 2 Black, 507 [17 L. ed. 278]; Funk v. Creswell, 5 Clark (Iowa), 86; Brady v. Spurck, 27 Ill. 478; Stewart v. Drake, 4 Halstead, 139-275.)" See also Cummins v. Kennedy, 3 Littell, 118 (14 Am. D. 45, and note on p. 53); Kansas Pac. R. Co. v. Dunmeyer, 19 Kan. 539; Kellogg v. Platt, 33 N. J. L. (4 Vroom) 328. The rule announced above is impliedly recognized in the Civil Code, §3617, which declares: "In suits for breach of warranty the burden of proof is on the

plaintiff, except in cases where outstanding encumbrances have been paid off, or possession has been yielded in consequence of legal proceedings of which the warrantor had notice and an opportunity to defend." The statement that the burden of proof is on the plaintiff, except in the two instances mentioned, plainly indicates that they are not the only cases in which suit may be brought for a breach of warranty. Where the warrantor has not been vouched or notified, so as to have an opportunity to defend, the bringing of a suit by the holder of the outstanding title against the warrantee and obtaining judgment thereon would be of little advantage to the warrantor. In cases other than those specified in the code section quoted, the plaintiff would carry the burden of showing that the adverse title was paramount, and that his eviction or what was equivalent to eviction under it was legal. In the case at bar it was alleged that the adverse outstanding title was paramount, that demand was made upon the warrantee and he was threatened with suit, and preparations had been commenced to sue him and oust him by process of law had he not purchased such title. It was also alleged that the warrantor was called upon to exhibit a title under which the warrantee could defend, and admitted that he could not do so. Under such facts, what would it have availed the warrantor to have had his warrantee sued and turned out of possession? The purchase of the paramount title, in the face of its assertion and to avoid an immediate suit upon it, was the equivalent of an eviction, or might be called a constructive eviction; and the warrantee was thereupon authorized to bring suit against his warrantor.

*Judgment reversed. All the Justices concur.*