### 5240. SHAW BROTHERS *v.* GUTHRIE.

ROAN, J. 1. A general assignment of error in the bill of exceptions, that the court erred in directing a verdict against the complaining party, is sufficient to bring under review the correctness of the judgment thus rendered. *Meeks* v. *Meeks,* 5 *Ga. App.* 394 (63 S. E. 270).

2. Where a verdict is obtained against a partnership alleged to be composed of named persons, a bill of exceptions sued out in the name of the partnership will not be dismissed merely because the partners are not named therein as plaintiffs in error.

3. Where a bill of exceptions complains of the direction of a verdict, and it appears that the plaintiff in error has filed a motion for a new trial, which is still pending in the court below undisposed of, the writ of error will be dismissed. *Duke* v. *Story,* 113 *Ga.* 112 (38 S. E. 337). It appearing in this case, however, from an affidavit of the clerk of the trial court, that although a motion for a new trial was filed by the plaintiffs in error, it was voluntarily dismissed before the bill of exceptions was certified by the judge, there is no merit in the motion to dismiss. Even if there had been a dispute in reference to this matter, this court would be without jurisdiction to determine the issue of fact thus raised. *Moss* v. *Myers,* 12 *Ga. App.* 68 (76 S. E. 768); *Ga., Fla. & Ala. Ry. Co.* v. *Lasseter,* 122 *Ga.* 680 (51 S. E. 15).

4. Although, in an action for breach of warranty of title to realty, there must be proof of an eviction, or what is equivalent or tantamount to an eviction, it is not always necessary that there should be an actual dispossession of the warrantee. If the paramount title is so asserted that he must presently yield to it, or go out, the warrantee may purchase from the true owner; and this will be considered a sufficient eviction to constitute a breach. *Joyner* v. *Smith,* 132 *Ga.* 779 (65 S. E. 68).

5. There were issues of fact in the present case, which should have been submitted to a jury. Under the testimony introduced in behalf of the defendants, they were entitled to set off against the plaintiff's demand whatever legal damage they had sustained by reason of the breach of the plaintiff's warranty of title, excluding damages such as anticipated profits and the like, which are too speculative to be the basis of a recovery. *Judgment reversed.*

DECIDED JANUARY 27, 1914.

Complaint; from city court of Nashville—Judge 'Cranford presiding. August 13, 1913.

*Alexander & Gary, Lankford & Moore,* for plaintiffs in error.
*W. R. Smith, J. P. Knight,* contra.