14321.  MIZELL *et al. v.* SCHUBERT *et al.*

PER CURIAM.  1.  While the plaintiffs alleged in their petition that the defendants had notice of the pendency of the suit of the Agricultural Land Company *v.* J. W. Vickery, and while the proof did not demand a finding in favor of this allegation, the plaintiffs also set up in their petition that a paramount outstanding title to the property had been asserted against them, to which they were compelled to yield as a matter of legal duty, and this allegation was sustained by uncontradicted evidence.  It was immaterial, therefore, that the plaintiffs' evidence did not demand a finding that the defendants had notice of the pendency of the suit in question.  Under the facts of the case (the proof of the yielding to outstanding paramount title) that theory could have been abandoned by the plaintiffs as being immaterial.  When they showed an outstanding title to which they had to yield, a verdict in their favor was demanded.  See *McMullen* v. *Butler,* 117 *Ga.* 845 (45 S. E. 258); *Clements* v. *Collins,* 59 *Ga.* 124; *Brooks* v. *Winkles,* 139 *Ga.* 732 (78 S. E. 129).

2. Under all the facts of the case, and the act of the General Assembly (Acts of 1855-6, p. 135) transferring certain lots of land from Ware county to Charlton county, this court can take judicial cognizance of the fact that the land in question was in Charlton county, and the trial judge did not invade the province of the jury when he determined that the land was in Charlton county.  See *Stanford* v. *Bailey,* 122 *Ga.* 494 (50 S. E. 161).  The decision in *Peters* v. *West,* 70 *Ga.* 343 (5), is distinguished by its facts from this case.

3. The court properly directed a verdict in favor of the plaintiffs.

*Judgment affirmed.  Broyles, C. J., and Luke, J., concur.  Bloodworth, J., dissents.*

DECIDED FEBRUARY 25, 1924.

Action for breach of warranty; from Charlton superior court—Judge Summerall.  January 27, 1923.

The action was for breach of the warranty in a deed to lot of land No. 57 in the 10th land district and first section of Charlton county, Georgia.  The plaintiffs alleged that at the time of the execution of the deed there was a paramount outstanding title to the land in the Agricultural Land Company, and they introduced in evidence the record of a suit brought by that company against J. W. Vickery, lessee of these plaintiffs, in which the company set up title to the land and obtained a permanent injunction against Vickery as a trespasser thereon.

*Parker & Parker, Cowart & Vocelle,* for plaintiffs in error.

*A. S. McQueen, Wilson & Bennett,* contra.