## 17604.   ATLANTA TITLE & TRUST COMPANY v. DAVIS.

1. The defendant title company having certified to the plaintiff a clear title to the lot subsequently purchased by him, and it appearing that the owner of the adjoining lot had previously acquired by written reservation from the owner of the purchased lot an easement "over the north strip of said described premises, now a driveway," cut off entirely from the lot purchased by the plaintiff, and there being evidence sustaining the verdict as to the amount of damage occasioned by such adverse easement, the verdict in favor of the plaintiff can not be disturbed. The previous owner of both of the lots having expressly reserved to the owner of the other lot an easement in the driveway as thus cut off, marked, and established, taken entirely from the lot subsequently certified by the defendant to the plaintiff as altogether clear, the defendant can not be absolved from liability to the plaintiff by showing that prior to the reservation of such outstanding ten-foot easement on the plaintiff's property, the previous owner had conveyed to the owner of the other lot a lesser easement in a joint driveway to be taken, five feet from each of the lots.

2. "Direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion." Civil Code (1910), § 5875. "Primarily, the competency of the witness to testify as to market value is for the court." *Central Georgia Power Co.* v. *Cornwell*, 139 *Ga.* 1, 5 (76 S. E. 387, Ann. Cas. 1914A, 880). "Where the value of the article is relevant, it may be shown by the opinion of witnesses, although they may not be experts, if they have knowledge of facts on which to predicate such opinion." *Sla-*

---

Abstracts of Title, 1 C. J. p. 368, n. 58.

Evidence, 22 C. J. p. 514, n. 17; p. 523, n. 93; p. 526, n. 11; p. 573, n. 33, 34; p. 575, n. 49; p. 576, n. 51, 62; p. 578, n. 82; p. 579, n. 84; p. 581, n. 97; p. 587, n. 79; p. 588, n. 84; p. 591, n. 5.

Trial, 38 Cyc. p. 1514, n. 40.

*ton* v. *Fowler*, 124 *Ga.* 955 (2) (53 S. E. 567); *Miller* v. *Luckey*, 132 *Ga.* 581, 583 (64 S. E. 658). The witnesses testifying to the decreased mar-ket value of the property on account of the defective title to ten feet of the fifty feet bargained for testified to their familiarity with the property in question, thus indicating that they had opportunity for forming a correct opinion; and the court did not err in admitting the testimony thus offered.

DECIDED DECEMBER 20, 1926.

Complaint; from Fulton superior court—Judge Pomeroy. July 7, 1926.

*Candler, Thomson & Hirsch,* for plaintiff in error.

*J. J. Barge,* contra.

JENKINS, P. J.    Davis sued the Atlanta Title & Trust Company for damages alleged to have been sustained by reason of the failure of the defendant to report an existing incumbrance by way of an easement on certain property purchased by Davis in the city of Atlanta.    It appears that Davis employed the defendant to exam-ine the title to the property prior to his purchase thereof; that he purchased the property from Mrs. Sallie J. Foote, who held an unrecorded deed from Aaron Tenenbaum, and that the deed from Tenenbaum to Mrs. Foote was delivered by her to Davis and turned over to the defendant by Davis for its use in examining the title. This deed conveying the property to Mrs. Foote contained the fol-lowing reservation: "This conveyance is made subject to an ease-ment which grantor herein reserves to himself and his assigns, over the north strip of said described premises, now a driveway, and to be used as such for purpose of entering north lot adjoining this." Tenenbaum had originally owned both the lot in question and the one adjoining it on the north.    On June 2, 1920, he sold the north lot to another purchaser, making the following reservation: "This conveyance is made subject to easement heretofore reserved over the south strip of said premises, now a driveway, to be used as such for the purpose of entering lot adjoining this lot on the south. A similar easement reserved on the lot adjoining this lot on the south of a strip same width as herein reserved, the two said strips adjoining and comprising said driveway, now clearly marked out, being one half off of above lot, and one half off of adjoining lot adjoining this on the south.    Same to be used as to both lots per-petually on ingress and egress, as a driveway for the benefit of both lots."    It appears from the evidence that there was a fence

between the two lots, and that the driveway as used was entirely on the lot bought by Davis. The defendant certified the title to Davis, making no exception of the easement, but excepting all questions of survey, and prepared on its form a deed from Mrs. Foote to Davis to the lot purchased, making no reference to the easement. It is contended by the defendant that the deed from Tenenbaum to the purchaser of the north lot created an easement in favor of the lot purchased by Davis in a driveway to be used on both lots, and that the court should have construed both deeds and fixed the location of the driveway, as a matter of law, as provided for by the deed made by Tenenbaum to the purchaser of the north lot.

The evidence for the plaintiff fixes the damage by reason of the location of the driveway on the lot purchased, at $1,500, while the evidence for the defendant fixes the damage at a smaller sum.

*Judgment affirmed. Stephens and Bell, JJ., concur.*