## 17685.  NEAL v. MEDLIN.

In an action for a breach of warranty of title to land, where it appears
that the plaintiff, without actually surrendering possession, obtained a
quitclaim deed from the holder of the adverse claim, and seeks to recover
only certain special damages, such as an amount paid to an attorney at
law for his services in procuring the quitclaim deed and certain profits
which the plaintiff lost but would have made in reselling the property
if the title had been good, *held*, that the damages sued for are not re-
coverable, and the suit is not maintainable for the recovery of nominal
damages.

DECIDED MAY 12, 1927.

Action for breach of warranty; from Chattooga superior court—
Judge Maddox.  September 4, 1926.

*A. L. Henson,* for plaintiff.

*B. E. Neal, Denny & Wright,* for defendant.

BELL, J.  This was an action by the grantee against the grantor
for a breach of warranty in the sale of an undivided third interest
in certain land in Gordon county.  The case is here upon excep-
tions to the dismissal of the petition on general demurrer.  The
following facts were alleged in the petition:  After the plaintiff
entered into possession of the land, she and her co-owners received
a bona fide offer from other persons to purchase the same at a
price of $4,989, but when the offerers examined the title they
found that the defendant at the time of conveying to the plaintiff
held title to only an undivided fourth interest in the land, and
that the plaintiff's title therefore was good only as to this inter-
est; whereupon the offer was withdrawn.  The defect in the title
was because of an outstanding paramount title to an undivided
fourth interest in one Hamrick.  The plaintiff incurred an ex-
pense of $100 in obtaining a quitclaim deed from Hamrick; this
sum being paid to J. G. B. Erwin for his services as an attorney
in procuring the deed.  The petition alleged that the plaintiff paid
to "said adverse claimant a sum named in the quitclaim deed;"
but there was nothing to show the amount of such payment.  The
plaintiff prayed to recover as her damages the item of $100 paid
to her attorney, and also one third of the difference between $4,989,
the amount of the offer that was withdrawn, and $2,200, the pro-

Covenants, 15 C. J. p. 1318, n. 78; p. 1324, n. 37 New; p. 1333, n. 81;
p. 1334, n. 6.

Damages, 17 C. J. p. 720, n. 51 New; p. 742, n. 84; p. 743, n. 85.

ceeds of the actual sale which she subsequently made to others at the best price then obtainable.

The plaintiff can not recover for the alleged loss of profits under the allegations made. Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach, and such as the parties contemplated when the contract was made as the probable result of its breach. Civil Code (1910), § 4395. This is substantially the rule as enunciated at common law in the famous old English case of Hadley v. Baxendale, 9 Exch. 341. With reference to a breach of warranty of title to land, the code provides that "the damages should be the purchase-money with interest thereon from the time of the sale." Civil Code (1910), § 4400. See further, in this connection, *Sanderlin* v. *Willis,* 94 *Ga.* 171 (3) (21 S. E. 291); *Orr* v. *Farmers Warehouse Co.,* 97 *Ga.* 241 (4) (22 S. E. 937). But this is not the measure in the present case, because the land was not lost. If the plaintiff had "fairly and reasonably paid a sum of money to remove an encumbrance" or other defect, this sum would have been recoverable. *Amos* v. *Cosby,* 74 *Ga.* 793 (1); *Martin* v. *Hamlet,* 159 *Ga.* 465 (126 S. E. 371). But there is nothing to show what sum the plaintiff paid for the outstanding interest, and, furthermore, *there is no claim of damage on that account.* The Supreme Court has held that as a general rule attorney's fees are not recoverable in an action for a breach of warranty. *Taylor* v. *Allen,* 131 *Ga.* 416 (4) (62 S. E. 291). No reason for an exception to this rule appears in the present case.

The plaintiff is seeking to recover special damages only, and is not entitled to recover any of the damages sued for. In such a case, a cause of action is not stated. The plaintiff claims that she is entitled at least to nominal damages, but "the rule that in every case of breach of contract the other party has the right to recover nominal damages does not apply where only special . . damages are sued for, and where such damages are not recoverable." *Hadden* v. *Southern Messenger Service,* 135 *Ga.* 372 (3) (69 S. E. 480). "Where the petition can not be construed as asking for general or nominal damages, but is expressly limited to a prayer for special damages only, and these are not recoverable, the suit is not maintainable, and is subject to be dismissed on demurrer. *Sparks Milling Co.* v. *Western Union Tel. Co.,* 9 *Ga. App.* 728

(72 S. E. 179)." *Truitt* v. *Rust Sales Co.*, 25 *Ga. App.* 62 (2) (102 S. E. 645). See also *Christophulos Café Co.* v. *Phillips*, 4 *Ga. App.* 819 (62 S. E. 562). The court properly sustained the demurrer and dismissed the petition.

From what has been said, it has been unnecessary to set forth or to consider the allegations made for the purpose of showing ouster or an equivalent disturbance. The petition may or may not have been sufficient in that respect. If not, the court properly struck it for that reason also. But our decision is confined to the propositions stated above, other points being assumed in favor of the plaintiff in error.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*