### 19789. BUSH *v.* ADDISON.

BELL, J. 1. While the law does not require that a suitor in a justice's court shall set forth his cause of action with the same strictness and formality that may be necessary in a court of record, yet where the plaintiff in a justice's court attaches to the summons a petition in which he undertakes to set forth his entire ground of complaint, and the statement therein fails to show a cause of action, it is not error for the magistrate to sustain a general demurrer and dismiss the petition. *Atlanta & West Point R. Co.* v. *Georgia Ry. & El. Co.,* 125 *Ga.* 798 (54 S. E. 753); *Atlanta, Knoxville &c. Ry. Co.* v. *Shippen,* 126 *Ga.* 784 (55 S. E. 1031); *Mayer* v. *Southern Express Co.,* 17 *Ga. App.* 744 (88 S. E. 403).

2. The general rule is that the measure of damages recoverable of a seller

for a failure to deliver goods sold is the difference between the contract price and the market value at the time and place for delivery, and profits which a purchaser could have made on a resale to a third person are not recoverable from the seller as damages, unless the latter had notice of and contracted with reference to such contemplated sale by the purchaser. Thus, in a suit for the breach of an alleged contract to sell and deliver cattle, where there was no allegation as to market value, and the sole damage claimed was the difference between the purchase-price and a larger amount at which the plaintiff could have sold the property, and there was nothing to show that such resale was in contemplation of the parties at the making of the contract between them, the plaintiff failed to show a right of recovery and his suit was subject to dismissal on general demurrer. *Orr* v. *Farmers Alliance Warehouse Co.*, 97 *Ga.* 241 (4) (22 S. E. 937); *Sizer* v. *Melton*, 129 *Ga.* 143 (7) (58 S. E. 1055); *Piedmont Wagon Co.* v. *Hudgens*, 4 *Ga. App.* 393 (2) (61 S. E. 835); *Smalls* v. *Brennan*, 14 *Ga. App.* 84 (80 S. E. 339); *Horne* v. *Evans*, 31 *Ga. App.* 370 (4) (120 S. E. 787).

3. Where a suit can not be construed as asking for general or nominal damages, but is expressly limited to a demand for special damages only, and the special damages claimed are not recoverable, the action is not maintainable and should be dismissed. *Truitt* v. *Rust & Shelburne Sales Co.*, 25 *Ga. App.* 62 (2) (102 S. E. 645); *Neal* v. *Medlin*, 36 *Ga. App.* 796 (138 S. E. 254), and cit.

4. Applying the above rulings, the plaintiff's suit in the justice's court was properly dismissed by the magistrate, and the judge of the superior court did not err in refusing to sanction the petition for certiorari.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

Decided January 24, 1930.

*J. A. Drake,* for plaintiff. *P. Z. Geer,* for defendant.