Lyons et al. *v.* Chapman.

(Decided May 4, 1931.)

*Messrs. Pomerene & Pomerene,* for plaintiffs in error.

*Mr. John A. Schlupp* and *Mr. Russell C. Bowers,* for defendant in error.

SHERICK, P. J.   This is an action for breach of covenant of warranty appearing in a deed from the plaintiffs in error, William S. Lyons and Lettie Lyons, who were the defendants below, to John W. Chapman, the plaintiff below.

In 1920 the Lyonses conveyed to Chapman some sixteen acres of land at a purchase price of $3,600. It was warranted to be free of all incumbrances. In 1923 a second deed was executed, ostensibly for the purpose of correcting an erroneous description. The property was not clear of incumbrance, but was subject to a right of way for a water line.

Some time thereafter, and before this suit was commenced, Chapman conveyed the premises by warranty deed, free of incumbrance, to one Downs. Thereafter Downs made demand upon Chapman for damages by reason of his breach of warranty; and in 1927 Chapman paid to Downs the sum of $1,000 as damages for his breach of warranty.

The record does not show that Downs released any of his rights against Lyons or Chapman; and it does not appear that Chapman was compelled to make this payment, but merely that he did make such a payment.

This is a second appearance of this case in this court.   The result of the first trial in the common pleas court was a reformation of the deed.   This court reversed that order and remanded the case with instructions to sustain the demurrer to Lyons' second defense.   Upon retrial the court allowed the case to be tried to a jury; the result thereof was a

verdict for Chapman in the sum of $800, upon which judgment was entered.

Two grounds of error are relied upon for a reversal of the judgment. The first is that Chapman, having sold the premises, had no right to recover from Lyons more than nominal damages, and that Downs, if any one, as the then owner of the premises, was, or should have been, the real party plaintiff. The second claimed error is that the action was one in equity and should have been tried to the court, and not to a jury.

It is ordinarily true that a court of equity, once having assumed jurisdiction of a cause on equitable grounds, will draw unto itself and determine questions incident thereto which are purely legal. But it will be remembered that in this action the sustaining of the demurrer to the defense eliminated from this suit the equitable issue of reformation, hence there remained in fact but the law question of the plaintiffs' right to damages by reason of a breach of warranty, and that being the main relief sought it is controlling of the issue involved.

The matter may be otherwise looked at. The plaintiffs in error admit that nominal damages were perhaps recoverable. This being true the amount thereof is a question of fact. We understand it to be the rule that even in equity it is permissible for the chancellor to impanel a jury and submit any question of fact to it for solution.

There remains one other sufficient reason why this ground of error is not sustainable. Reverting to the record we find that it appears therefrom that both parties to this suit submitted their differences to the jury without objection or exception, and we

consider that one may not thereafter complain of error in that in which he seemingly acquiesced. A defeated litigant should and will not be permitted to voluntarily submit his cause to a jury and be thereafter heard to complain that the action was one in equity, triable to the court alone.

Considering now the first and principal ground of error charged, we learn from the brief of defendant in error, filed after argument, that Chapman did not convey to Downs all of the sixteen acres upon which the incumbrance existed, and that Chapman now owns a portion of the premises traversed by the water line. Be that fact as it may, we are of one mind on the point that the plaintiffs in error must fail upon this theory and version of law and fact.

Since the pronouncement of the Ohio rule in the case of *Foote* v. *Burnet,* 10 Ohio, 317, 36 Am. Dec., 90, it has been uninterruptedly held that a covenant of warranty is not a personal covenant, but is such a one as runs with the land. It is treated as a contract of indemnity, not merely as between the immediate parties to the conveyance, but is a security afforded to all subsequent grantees. The rule has been more recently followed and applied in the case of *Van Dyke* v. *Rule,* 49 Ohio St., 530, 31 N. E., 882.

It is equally well settled in this state that a covenant of warranty against incumbrance is breached, if at all, as soon as made, and there would seem to be no question that the covenantee may then and at once maintain an action for breach thereof, but the amount of recovery would be only nominal.

The rule of damage, however, is otherwise where the covenantee has paid off his grantee for the

breach of his like covenant. It is stated in 7 Ruling Case Law, 1181, that "where the incumbrance has been removed or paid off by the covenantee, the general rule is that he is entitled, as damages for the breach of the covenant against incumbrances, to the amount that he has paid, with interest, if such amount was reasonable and fair, and did not exceed the purchase money and interest." In the instant case the jury determined that Chapman had paid Downs too much, and by its verdict fixed the true measure of damages as represented by the difference between the market value of the land, subject to the easement, and its market value if the easement did not exist.

The plaintiffs in error make the point that Chapman is not the real party in interest. This, to our notion, is not well taken. Section 11241, General Code, provides that an action shall be brought in the name of the real party in interest. Surely Downs was not that party. He would not have been entitled to the proceeds of the judgment entered. We believe that the proper test to determine who is the real party in interest is ascertainable from an answer to the question: Who would be entitled to damages? Chapman in this instance has sustained the loss. He has compensated his covenantee, Downs, who cannot be twice recompensed for his single loss. Hence, it must follow that Chapman is the real party in interest.

The question was propounded: By what right may a covenantee out of possession maintain such an action? This inquiry has been in part answered in this state in the case of *Nyce's Exrs.* v. *Obertz,* 17 Ohio, 71, 74, where the court said: "Still the cove-

nantee cannot have an action until he has been damnified in consequence of the covenant. He is not bound to wait, it is true, until he is evicted, but may pay off and satisfy the incumbrance, if the extent of it can be well ascertained, and then have his action. It is not necessary that he should in all cases wait even for a judicial determination of the amount, although this is preferable."

Thompson on Real Property, vol. 4, Section 3565, makes the following comment: "* * * No intermediate grantee can sue any of the preceding grantors until he has been evicted, or compelled to pay damages upon his own warranty."

We think the question may be fully answered by quoting from the case of *Booth* v. *Starr,* 1 Conn., 244, 248, 249, 6 Am. Dec., 233: "As the last assignee has his election to sue all or any of the covenantors, as a recovery and satisfaction by an intermediate covenantee against a prior covenantor would not bar a suit by a subsequent assignee, such intermediate assignee ought not to be allowed to sustain his action till he has satisfied the subsequent assignee; for otherwise every intermediate covenantee might sue the first covenantor; one suit would be no bar to another; * * * In all these cases it is the duty of the first covenantor to make good the damages for a breach of the covenant, and to indemnify all the subsequent covenantees. Each subsequent covenantor is liable to all the subsequent covenantees, and on paying the damages will have a claim for indemnity against a prior covenantor."

We hold this statement to be sound and decisive of the question made, and, in accordance with the

authority and reason herein advanced, the judgment will be affirmed.

*Judgment affirmed.*

LEMERT and MONTGOMERY, JJ., concur.