31763.   DuBOIS *v.* SMITH.

Decided February 21, 1948.

*S. W. Fariss,* for plaintiff in error.

*G. W. Langford, Rosser & McClure,* contra.

MacINTYRE, P. J. ■ Since a motion to strike is in the nature of a general demurrer (*Braddy* v. *W. T. Rawleigh Company,* 64 *Ga. App.* 682, 14 S. E. 2d, 130), the question presented by the exceptions pendente lite is whether the amendments to the answer of the defendant set forth a valid defense as against a general demurrer.

The plaintiff contends that the amendments were properly stricken because the facts set forth in the amendments do not constitute a breach of warranty entitling the defendant to any damages whatever.

The plaintiff relies upon the decision in *White & Corbitt* v. *Stewart & Co.,* 131 *Ga.* 460 (62 S. E. 590, 15 Ann. Cas. 1198), wherein it was held: "In an action on a general warranty of title to land against the claims of all persons, an eviction or equivalent disturbance by an outstanding paramount title must be alleged."

While the amendments to the answer do not allege an actual eviction, we are of the opinion that the facts alleged set forth an equivalent disturbance by an outstanding paramount title.

In effect the amendments to the answer alleged that prior to the sale by Smith to the defendant of the realty, on which timber was growing, and certain lumber and other property, Smith had sold certain timber standing or growing on the realty, subsequently sold to the defendant, to Menlo Fruit Package Company;

that the plaintiff admitted this and stated that the package company had a right to cut and remove the timber unless their claim could be settled; that the package company entered on the realty of the defendant and began cutting the timber, claiming a paramount outstanding title from the common grantor Smith, the plaintiff; that the defendant was forced to purchase the right of the package company or presently yield to it; and that the defendant had purchased the right of the package company to the timber.

In *Joyner* v. *Smith*, 132 *Ga.* 779 (1, 2) (65 S. E. 68), it is said: "In an action on a general warranty of title to land against the claims of all persons, an eviction or equivalent disturbance by an outstanding paramount title must be alleged. Although there must be an eviction, or what is equivalent or tantamount to an eviction, it is not always necessary that there should be an actual dispossession of the warrantee. If the paramount title is so asserted that he must presently yield to it, or go out, the warrantee may purchase from the true owner, and this will be considered a sufficient eviction to constitute a breach." See, in this connection, *Clements* v. *Collins*, 59 *Ga.* 124 (1).

We think that the trial judge erred in striking the amendments to the defendant's answer on motion of the plaintiff.

■ The original attachment provides: "James Smith . . says that T. V. DuBois . . is indebted to James Smith in the sum of thirteen hundred sixty dollars 45 cents, principal, with interest at 7 percent per annum from 15 day of Apr. 1942." In the declaration in attachment no mention is made of the interest claimed to be due from DuBois to Smith, but the declaration refers distinctly to the attachment and states that the attachment was returnable to a certain term of the superior court and describes the property upon which the sheriff had levied.

The defendant contends that the trial judge erred in instructing the jury to return a verdict for interest at seven percent from the date of the indebtedness up to the present time if they found the plaintiff entitled to recover. The defendant points out that the declaration makes no reference to the interest, and insists that the charge was not authorized by the pleadings.

In *King* v. *Thompson*, 59 *Ga.* 380 (5), it is said: "A declaration in attachment will be construed in connection with the at-

tachment papers when it refers distinctly to those papers, and such declaration will be held sufficient if the debt be distinctly declared upon, and the attachment papers be described as pending in the court and returnable to a certain term thereof, though no special prayer for judgment be in the declaration."

Construing the declaration in connection with the attachment, on which the declaration is based, we think that the pleadings authorized the instructions of the trial judge relative to the question of interest. Therefore it follows that special ground 2 of the amended motion for new trial is without merit. *Merchants Grocery Company* v. *Albany Hardware & Mill Company*, supra.

Since the errors complained of in special grounds 1, 3, 4, and 5 are not likely to occur in the second trial of this case, they will not be considered; and since the case is being returned to the trial court for another trial, this court will not consider the general grounds of the motion for new trial.

*Judgment reversed. Gardner and Townsend, JJ., concur.*