32384. ROBERTSON *et al v.* WEBSTER *et al.*

DECIDED MARCH 18, 1949. REHEARING DENIED MARCH 30, 1949.

*Alston, Foster, Sibley & Miller, William B. Spann Jr.,* for plaintiffs.

*R. B. Pullen,* for defendants.

TOWNSEND, J. (After stating the foregoing facts.) ■ ■ The defendants readily grant that this action might have been

maintained had Beaube, the present owner of the land, himself paid the assessments and brought the action in his own name. They contend, however, that since a covenant of warranty runs with the land, it passed by assignment into the hands of the present owner, and that the plaintiffs therefore have no right of action. If the petition alleged no more than this, we would be in complete accord, since the warranty certainly ran with the land. See Code, §§ 29-301, 29-303.

■ Under the allegations of the petition, there was actual necessity for the payment of the sewer liens. Therefore, any question as to whether the rights of defendants might have been injured by such payment does not appear at this point. Enough has been alleged to make out a case for constructive eviction, upon which a suit for breach of warranty might proceed when it is stated that an actual prior lien upon land was purchased to avoid a suit thereon against which there was no valid defense. See *Joyner* v. *Smith*, 132 *Ga.* 779 (65 S. E. 68); *Mizell* v. *Shubert*, 31 *Ga. App.* 651 (121 S. E. 852); *Shaw Bros.* v. *Guthrie*, 14 *Ga. App.* 303 (80 S. E. 735); *McMullan* v. *Butler*, 117 *Ga.* 845 (45 S. E. 258); *Cheatham* v. *Palmer*, 176 *Ga.* 227 (167 S. E. 522).

■ The owner of land, Beaube, therefore had a right of action against his grantor, the plaintiff, or remote grantors, the defendants, on their several warranties. He might have elected to proceed against any one or all of them. See *Redwine* v. *Brown*, 10 *Ga.* 311; *Sawyer Coal & Ice Co.* v. *Kinnett-Odom Co.*, 192 *Ga.* 166 (14 S. E. 2d, 879). However, he elected to hold only the plaintiff, and notified him that, unless the liens were paid, suit would be filed against him.

At this point, the plaintiffs might have allowed themselves to be sued, vouched the defendants into court, and obtained a remedy over against them. See Code, § 38-624. But they chose to comply with their legal and moral obligations without the necessity for suit.

■ So far as the covenant itself is concerned, we believe it to be absolute, and that the defendants would be liable thereon unconditionally to the person or persons having a right to enforce an action for its breach. See Code, §§ 29-301, 29-303. It

remains only to decide with whom this right of action rests. If the present owner, Beaube, can maintain a suit at the present time, then no one else may do so. This point was discussed in Taylor *v.* Lane, 18 Tex. Civ. App. 545 (45 .S. W. 317), and it was there pointed out that the right to recover for a breach of warranty cannot exist in an intermediate warrantor and the last warantee at the same time. Quoting from Eustis *v.* Fosdick, 88 Tex. 615 (32 S. W. 872), it was said: "We have found no case in which a recovery has been permitted where an intermediate warrantor was permitted to recover against a prior warrantor until he had satisfied or procured a release from the person to whom he had conveyed and who had a right of action upon the warranty."

Beaube has been satisfied by the plaintiffs. The lien has been removed from his land and, although he did .not reecive the payment directly, he received the benefit thereof and, having been fully indemnified, cannot seek a second recovery. The City of Atlanta has also been paid and its lien extinguished. We must therefore hold that, unless a right of action exists in the present plaintiffs, there is no one in whom it does exist. This would have the effect of relieving the defendants, by operation of law, from any liability on their warranties and would be contrary to all principles of the law of real property.

■ ■ To support their contention that the right to recover remains, if at all, with Beaube, two cases are relied upon by the defendants, *Leary* v. *Durham*, 4 *Ga.* 593, and *Redwine* v. *Brown*, 10 *Ga.* 311 (supra). Both cases hold that the right to sue for breach of warranty exists in the last grantee. Examination of these cases is enlightening, for they had the effect of reversing, or at least distinguishing, a principle of the common law, relating to covenants running with the land, which existed at that time, and was, as quoted by Justice Lumpkin, as follows: "Covenants of seisin and of right to convey, and against incumbrances, are personal covenants, not running with the land, or passing to the assignee; for if not true, there is a breach of them, as soon as the deed is made, and they become choses in action, which are not technically assignable. 4 Kent Com. 471."

The Supreme Court, in reversing the decison of the trial court

■

(*Leary* v. *Durham,* supra) departed from this theory that the right to sue remained in the assignor because it was a chose in action, and stated that, "when this covenant is broken after the land has been conveyed to the assignee, the general rule is that he alone has the right to sue for damages." (p. 602.) As its reason for setting such a precedent, the court said further: "The modern tendency, both of legislation and judicial decision, is to allow the party in interest to bring the suit, whoever he may be." (p. 602.)

This reasoning we adopt in the present instance. While the general rule, as first set forth in this case, and later adopted by legislative statutes, is that the assignee alone can sue, because as a general rule the assignee is the party in interest, nevertheless in this case the intermediate warrantor is the party in interest, because he has voluntarily mended his breach of covenant (which the law would have compelled him to do in any event), and by so doing has had his right of action restored.

But, until and unless this situation occurs, the right remains in the assignee. See *Tucker* v. *McArthur,* 103 *Ga.* 409 (30 S. E. 283); *Roberts* v. *Hill,* 78 *Ga. App.* 264 (50 S. E. 2d, 706).

We therefore hold that, while the right of action passes out of an intermediate warrantor when he relinquishes title to the land, and into the assignee, nevertheless, if it should occur that the intermediate covenantor is placed under the legal necessity of paying the lien, or mending the breach, and he actually does so, the right to recover for the amount paid out is thereby restored to him, and to that extent alone he is remitted to his rights under his own warranties from prior grantees, and may in turn recover from them the amounts so paid.

This principle is well stated in 15 Corpus Juris, p. 1257: "As a rule, where land conveyed through real covenants has passed on subsequent conveyances, through the hands of various covenantees, only the last covenantee or assignee in whose possession the land is when the covenant is broken can sue for its breach, and his right of action extends to any or to all of the prior covenantors [However] . . when, by the nature and terms of the assignment, the assignor is bound to indemnify the assignee, he may sue in his own name; after he has been compelled to satisfy the claim of his own assignee; or he may sue in his own

name where the assignment was made after the actual breach of the covenant."

The same principle is stated in Morrow *v.* Baird, 114 Tenn. 552, 560, where Mr. Washburn, in his work on Real Property (Vol. 3, p. 503), is quoted with approval as follows: "an exception as to who may sue for a covenant of warranty exists where the covenantee has himself conveyed the premises with warranty, and his grantee, upon being evicted, sues and recovers of him, instead of suing the original covenantor, as he might have done. In such case the first covenantee, upon satisfying the claim of the second, is remitted to his claim against his covenantor upon the original covenant. And this would be true if there had been a succession of conveyances with warranty on the part of any one or more of the successive grantors. The tenant who is evicted may, in such case, sue any prior covenantor; and if he elects any one but the first, and obtains satisfaction for his claim, such covenantor may thereby stand as to any prior covenantor in the place he held before he had parted with the estate, and sue upon his covenant as if the breach had occurred during his ownership."

See also Lyons *v.* Chapman, 40 Ohio App. 1 (178 N. E. 24); Booth *v.* Starr, 1 Conn. 244 (6 Am. D. 223); Wheeler *v.* Sohier, 3 Cush. 219 (Mass.); Baxter *v.* Ryerss, 13 Barb. (N. Y.) 267.

■ To hold that an intermediate covenantor may not be remitted to his former rights after payment of the debt, could only result in forcing him to litigate his obligations instead of paying them. "Equity will not force persons to litigate in order to have done what they ought, and are willing, voluntarily to do." See Code, § 37-118.

The only other remedy the plaintiffs could possibly have had, as was discussed above, would have been to do nothing at all until they were sued, and then to vouch the defendants into court. This remedy has been criticized by our courts as inadequate, in that it subjects the participants to a circuity of actions. See *Manget* v. *Nat. City Bank of Rome,* 168 *Ga.* 876 (149 S. E. 213). We can not see that it was necessary, or even proper, for them to follow such a course. To hold that the petition in the instant case failed to state a cause of action, would in effect be a holding that the plaintiffs herein as intermediate warrantors would be amply protected by the law if they refused to do that which they

ought to do, and pay their obligation to their covenantee, while, on the other hand, they having discharged their moral and legal obligation, by their very act of so doing have precluded themselves from legal redress.

Such is not the policy of the law of this State. On the contrary, it is the policy of our law to reward, rather than to penalize, those who promptly perform their obligations.

The judgment of the trial court sustaining the demurrer and dismissing the petition was error.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*