34068.   STATE MUTUAL INSURANCE CO. *v.* McJENKIN
INSURANCE & REALTY CO.

DECIDED JULY 3, 1952.

*Graham Wright, Jas. C. Howard Jr., J. Hugh Rogers,* for plaintiff in error.

*Brackett & Brackett, R. B. Pullen,* contra.

CARLISLE, J. (After stating the foregoing facts.) ■ The general demurrer is based on the proposition that, in an action upon a breach of general warranty, an eviction or its equivalent must be shown before a recovery can be had. *Brooks* v. *Winkles,* 139 *Ga.* 732 (78 S. E. 129); *Darley* v. *Mallary Bros. Machine Co.* 136 *Ga.* 345 (71 S. E. 471); *Joyner* v. *Smith,* 132 *Ga.* 779 (65 S. E. 68). However, a general warranty of title includes the warranty of freedom from incumbrances, and it is not necessary to show actual eviction; constructive eviction exists where a paramount lien upon the land is extinguished in the face of its assertion, to avoid further liability thereon. *Robertson* v.

*Webster,* 79 *Ga. App.* 30 (52 S. E. 2d, 511), and cases there cited; *Weatherly* v. *Parr,* 72 *Ga. App.* 883 (35 S. E. 2d, 381); *DuBois* v. *Smith,* 76 *Ga. App.* 556 (46 S. E. 2d, 590). An easement, like a lien, is an assertion of a paramount qualified interest in the land; and its effect in this case was to cause an eviction of the plaintiff insofar as his exclusive use of the easement in the ten-foot strip in question was concerned. In *Atlanta Title & Trust Co.* v. *Davis,* 36 *Ga. App.* 257 (136 S. E. 164), recovery was permitted for a breach of a covenant in a policy of title insurance, a clear title having been certified, when in fact an easement existed over a part of the land in question. The fact that the defendant later acquired a quitclaim deed to the strip would not affect the rights of the parties prior to its acquisition. It follows, therefore, that the general demurrer to the petition and the special demurrer to the paragraph alleging the damages sustained by the plaintiff in demolishing its warehouse, on the sole ground that the moving of the warehouse was a voluntary act, were properly overruled. Under the facts of the original suit, the presence of a warehouse was a continuing trespass for which the plaintiff could have been held liable.

■ ■ Special demurrers were interposed to the alleged items of damage of $500 spent as attorney fees in the defense of the original suit against the owner of the easement and $36 costs of the court record. Such attorney fees, paid out in previous litigation, are not generally recoverable in a later suit under Code § 20-1404, providing that the expenses of litigation may be allowed where the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. *Randolph* v. *Merchants &c. Banking & Loan Co.,* 58 *Ga. App.* 566, 573 (199 S. E. 549); *Leathers* v. *Waters,* 35 *Ga. App.* 757 (2) (134 S. E. 806); *Woodland Hills Co.* v. *Coleman,* 73 *Ga. App.* 409, 414 (9) (36 S. E. 2d, 826). It was held in *Taylor* v. *Allen,* 131 *Ga.* 416 (4) (62 S. E. 291), that expenses of litigation, including attorney fees and costs, are not proper elements of damage in a suit on a breach of warranty, and are not recoverable. This decision was followed in *Neal* v. *Medlin,* 36 *Ga. App.* 796 (138 S. E. 254). Accordingly, the special demurrers directed to these elements of damage should have been sustained.

■ As to the recovery of attorney fees in the present suit, which is based on a breach of warranty, it should be noted that attorney fees under Code § 20-1404, supra, are generally limited to actions ex delicto, even though this section is classified in the Code under the chapter dealing with contracts. See *Traders Insurance Co.* v. *Mann,* 118 *Ga.* 381 (7), 384 (45 S. E. 426). The defendant here did not act in bad faith, since the record shows that it paid off the judgment in the case against the plaintiff in which it was vouched into court. It was not bound *by that judgment* to pay any additional damages the plaintiff sustained, such as the removal of the building. Nor is there any allegation that the defendant here acted in bad faith in the matter. A mere refusal to pay a disputed claim is not the equivalent of stubborn litigiousness. In *Pone* v. *Barbre,* 57 *Ga. App.* 684 (3), 691 (196 S. E. 287), it was held as follows: "Unless the defendant was guilty of deceit or fraud in the sale of the property, or acted in bad faith as respects the existence of the lien on the property when she sold it, the plaintiff can not, in a suit to recover damages for breach of the warranty, recover attorney's fees for prosecuting the action. *Smith* v. *Williams,* 117 *Ga.* 782 (4) (45 S. E. 394, 97 Am. St. R. 220)." It was therefore error to fail to sustain the special demurrer attacking this alleged element of damage.

■ The first three grounds of the amended motion for a new trial are treated in connection with the general grounds. Special ground 1 complains that the plaintiff was allowed to answer a question as to the improvements he had placed on the lot (other than the warehouse), on the ground that such testimony was irrelevant to any issue in the case. Special ground 2 excepts to the testimony that, after the warehouse was torn down, the plaintiff realized $100 in excess of the cost of tearing the same down, on the ground that the measure of damages would be the cost of replacement and not the difference between the cost of erection and the cost of taking away the building. Special ground 3 complains of the charge of the court on this subject to the effect that, if the plaintiff constructed the outbuilding under a reasonable belief that. he had a right to do so, and demolished it under a reasonable belief that he was required to do so either to comply with the terms of the easement or to lessen the

damages, the jury would be authorized to find a verdict for the plaintiff in the amount of the reasonable expense of constructing and demolishing the outbuilding.

Without deciding whether or not the proper measure of damages is as contended by the defendant, it should be pointed out that there was no demurrer to the petition on the ground that the plaintiff alleged the wrong measure of damages. A petition which sets out a cause of action, including a claim for damages such as would properly flow to the plaintiff, but which states a wrong method or measure by which the amount of damages is arrived at, is subject to special but not general demurrer. *City Council of Augusta* v. *Lamar*, 37 *Ga. App.* 418 (5) (140 S. E. 763). And while a petition which alleges no recoverable item of damage will not authorize a recovery, the fact that the measure of damages is arrived at by the wrong method will not subject the petition to dismissal. *Ryals* v. *Livingston*, 45 *Ga. App.* 43 (1) (163 S. E. 286). No special demurrer was interposed attacking the petition on the ground that it stated an incorrect measure of damages. The plaintiff proved its case as laid, that is, it proved that it "had expended in the construction and demolition of said building the sum of $1,000, and that the materials salvaged therefrom, at a fair market value, were worth only the sum of $100, leaving your petitioner's damages thereby in the sum of $900." If damages for the warehouse were recoverable at all, it was not error to allow evidence to support the allegations of the petition in respect thereto. *Fleming* v. *Roberts*, 114 *Ga.* 634, 638 (40 S. E. 792). Code § 20-1412 provides as follows: "Upon a breach of covenant of warranty of title to land, the damages should be the purchase money with interest thereon from the time of sale, unless the jury should think, under the circumstances of the case, that the use of the premises was equal to the interest on the money, and that such equitable setoff should be allowed. If valuable improvements have been made, the interest should be allowed." Code § 20-1414 provides: "Any necessary expense which one of two contracting parties incurs in complying with the contract may be recovered as damages." This latter section has frequently been applied in suits for breach of warranty as to personal property. *Smith* v. *Williams*, 117 *Ga.* 782, 784 (45 S. E. 394); *Feagin* v.

*Beasley,* 23 *Ga.* 17 (2) ; *National Sheet Metal Co.* v. *McKenzie,* 62 *Ga. App.* 292 (8 S. E. 2d, 93). The decisions in *Croom* v. *Allen,* 145 *Ga.* 347 (2) (89 S. E. 199), and *Shaw Brothers* v. *Guthrie,* 14 *Ga. App.* 303 (5) (80 S. E. 735), indicate that necessary expenses may also be sought in actions for a breach of warranty of title to realty. The provisions of Code § 20-1412 do not limit the damages in all instances to the purchase price and interest alone (see *Croom* v. *Allen* and *Shaw Brothers* v. *Guthrie,* supra) ; and where, as here, a breach of a legal duty results in special damage to the plaintiff, we know of no rule of law under which such damage would not be recoverable. The special damage here was the loss of the $900 in erecting and demolishing the warehouse. Damages are generally awarded as compensation for the injury received. The erection of the building was made at a time when the plaintiff had every reason to think he had exclusive possession of the land in question. The demolition was made at a time when he knew he had no right to maintain the structure there, and when a damage suit for interference with the easement was pending against him. In consequence, both the admission of evidence as to this damage, and the charge of the court thereon, were without error. The evidence as to the value of other improvements, although immaterial, was not harmful to the defendant and offers no ground for reversal.

Since the verdict is authorized by the evidence only for $900, and since the verdict is for $1300, $400 in the verdict is not authorized by the evidence. The judgment, however, with the $400 written off, would cure the error of the court in overruling the special demurrer as to attorney fees, and the writing off of the $400 would cure the defect in the verdict. The judgment, therefore, is affirmed upon condition that on receipt of the remittitur from this court by the trial court the sum of $400 be written off by the plaintiff; otherwise the judgment is reversed.

*Judgment affirmed upon condition. Gardner, P.J., and Townsend, J., concur.*